UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSE ANN PAGUIRIGAN, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br>-vs-<br><br>PROMPT NURSING EMPLOYMENT AGENCY LLC d/b/a SENTOSA SERVICES, SENTOSACARE LLC, SENTOSA NURSING RECRUITMENT AGENCY, BENJAMIN LANDA, BENT PHILIPSON, BERISH RUBENSTEIN a/k/a BARRY RUBENSTEIN, FRANCIS LUYUN, GOLDEN GATE REHABILITATION & HEALTH CARE CENTER LLC, and SPRING CREEK REHABILITATION AND NURSING CENTER,<br><br>                          Defendants | Civil Action No.: 17-cv-01302 (NG-JO)<br><br><br>**ANSWER WITH COUNTERCLAIM**<br><br><br>**JURY TRIAL DEMANDED** |

Defendants Prompt Nursing Employment Agency LLC d/b/a Sentosa Services ("Prompt"), Sentosacare LLC, Sentosa Nursing Recruitment Agency, Benjamin Landa, Bent Philipson, Berish Rubenstein a/k/a Barry Rubenstein, Francis Luyun, Golden Gate Rehabilitation & Health Care Center LLC, and Spring Creek Rehabilitation and Nursing Center (collectively, "Defendants"), by their attorneys, as and for their Answer to the Complaint (the "Complaint") of plaintiff, and Counterclaim, allege the following:

      1.      Paragraph "1" of the Complaint states a legal conclusion as to which no response is required, but to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

      2.      Deny the allegations contained in paragraph "2" of the Complaint.

      3.      For their response to paragraph "3" of the Complaint, admit that plaintiff purports to bring the referenced claims, but denies that there is any merit to those claims.

{00908784.DOC;2 }

2

4.      For their response to paragraph "4" of the Complaint, admit that plaintiff purports to base jurisdiction on 28 U.S.C. § 1331, 18 U.S.C. §1595(a) and 28 U.S.C. §1367, but deny that there is any merit to the "controversy" claimed.

5.      For their response to paragraph "5" of the Complaint, admit to plaintiff's basis for venue pursuant to 28 U.S.C. § 1391(b)(2).

6.      State that they are without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      For their response to paragraph "7" of the Complaint, admit that Sentosacare LLC is a New York limited liability company with a principal place of business located in the State of New York, County of Nassau, and otherwise deny the remaining allegations.

8.      Deny the allegations contained in paragraph "8" of the Complaint.

9.      For their response to paragraph "9" of the Complaint, admit that Prompt is a New York limited liability company, and otherwise deny the remaining allegations.

10.     Deny the allegations contained in paragraph "10" of the Complaint, except admit that Landa resides in Brooklyn, New York.

11.     Deny the allegations contained in paragraph "11" of the Complaint except admit that Philipson resides in Rockland County.

12.     For their response to paragraph "12" of the Complaint, admit that Rubenstein controls Prompt and otherwise deny the remaining allegations.

13.     Deny the allegations contained in paragraph "13" of the Complaint.

14.     For their response to paragraph "14" of the Complaint, admit that Golden Gate is a New York limited liability company with a principal place of business in Staten Island, and otherwise deny the remaining allegations.

{00908784.DOC;2 }

2

15.     For their response to paragraph "15" of the Complaint, admit that Spring Creek is a skilled nursing facility licensed by the State of New York, with a principal place of business in Brooklyn, New York and otherwise deny the remaining allegations.

16.     Deny the allegations contained in paragraph "16" of the Complaint.

17.     Deny the allegations contained in paragraph "17"of the Complaint.

18.     Paragraph "18" of the Complaint states a legal conclusion as to which no response is required, but to the extent a response is required, deny the allegations therein.

19.     Deny the allegations contained in paragraph "19" of the Complaint.

20.     For their response to paragraph "20" of the Complaint, refer to the document described therein for its precise terms and legal effect.

21.     For their response to paragraph "21" of the Complaint, refer to the document described therein for its precise terms and legal effect, and admit that the contract was assigned to Prompt.

22.     For their response to paragraph "22" of the Complaint, refer to the document described therein for its precise terms and legal effect.

23.     For their response to paragraph "23" of the Complaint, refer to the document described therein for its precise terms and legal effect.

24.     Admit the allegations contained in paragraph "24" of the Complaint, except deny that all of the defendants owned the nursing home referenced therein.

25.     For their response to paragraph "25" of the Complaint, admit that plaintiff was paid an hourly wage of $29 per hour and state that she also received other remuneration, compensation and benefits in addition thereto.

{00908784.DOC;2 }

3

26.     Deny the allegations contained in paragraph "26" of the Complaint and state that plaintiff specifically desired to work fewer hours than actually worked.

27.     Deny the allegation contained in paragraph "27" of the Complaint.

28.     Deny the allegations contained in paragraph "28" of the Complaint.

29.     Deny the allegations contained in paragraph "29" of the Complaint.

30.     Deny the allegations contained in paragraph "30" of the Complaint.

31.     Deny the allegations contained in paragraph "31" of the Complaint.

32.     Deny the allegations contained in paragraph "32" of the Complaint.

33.     Deny the allegations contained in paragraph "33" of the Complaint.

34.     Deny the allegations contained in paragraph "34" of the Complaint.

35.     Deny the allegations contained in paragraph "35' of the Complaint.

36.     Deny the allegations contained in paragraph "36" of the Complaint.

37.     For their response to paragraph "37" of the Complaint, admit that Jericson Valdez was an employee of Prompt, refer to his employment contract for its precise terms and legal effect, and otherwise deny the remaining allegations.

38.     Deny the allegations contained in paragraph "38" of the Complaint.

39.     For their response to paragraph "39" of the Complaint, admit that April Sullivan Francisco was an employee of Prompt, refer to her employment contract for its precise terms and legal effect, and otherwise deny the remaining allegations.

40.     Deny the allegations contained in paragraph "40" of the Complaint.

41.     State they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint.

42.     Deny the allegations contained in paragraph "42" of the Complaint.

{00908784.DOC;2 }

43.     Deny the allegations contained in paragraph "43" of the Complaint.

44.     Deny the allegations contained in paragraph "44" of the Complaint.

45.     Deny the allegations contained in paragraph "45" of the Complaint.

46.     Deny the allegations contained in paragraph "46" of the Complaint.

47.     Deny the allegations contained in paragraph "47" of the Complaint.

48.     Deny the allegations contained in paragraph "48" of the Complaint.

49.     Deny the allegations contained in paragraph "49" of the Complaint.

50.     Deny the allegations contained in paragraph "50" of the Complaint.

51.     Deny the allegations contained in paragraph "51" of the Complaint and refer to the decision referenced therein for its precise terms and legal effect.

52.     For their response to paragraph "52" of the Complaint, refer to the court action referenced therein for a listing of all parties.

53.     Deny the allegations contained in paragraph "53" of the Complaint.

54.     Paragraph "54" of the Complaint states a legal conclusion as to which no response is required, but to the extent a response is required, deny the allegations therein.

55.     Deny the allegations contained in paragraph "55" of the Complaint.

56.     Deny the allegations contained in paragraph "56" of the Complaint.

57.     Deny the allegations contained in paragraph "57" of the Complaint.

58.     Deny the allegations contained in paragraph "58" of the Complaint.

59.     Deny the allegations contained in paragraph "59" of the Complaint, except admit that an action was filed and refer to the filings in that action for their precise scope and allegations.

60.     Deny the allegations contained in paragraph "60" of the Complaint, except admit that an action was filed and refer to the filings in that action for their precise scope and allegations.

{00908784.DOC;2 }

61.     Deny the allegations contained in paragraph "61" of the Complaint, except admit that an action was filed and refer to the filings in that action for their precise scope and allegations.

62.     Deny the allegations contained in paragraph "62" of the Complaint.

63.     Deny the allegations contained in paragraph "63" of the Complaint.

64.     Deny the allegations contained in paragraph "64" of the Complaint.

65.     Deny the allegations contained in paragraph "65" of the Complaint.

66.     Deny the allegations contained in paragraph "66" of the Complaint.

67.     Deny the allegations contained in paragraph "67" of the Complaint.

68.     Deny the allegations contained in paragraph "68" of the Complaint.

69.     Deny the allegations contained in paragraph "69" of the Complaint.

70.     Deny the allegations contained in paragraph "70" of the Complaint.

71.     Deny the allegations contained in paragraph "71" of the Complaint.

72.     Deny the allegations contained in paragraph "72" of the Complaint.

73.     For their response to paragraph "73" of the Complaint, admit that complaints were filed as mandated by applicable law, refer to such complaints for their scope and disposition, and otherwise deny the allegations.

74.     Deny the allegations contained in paragraph "74" of the Complaint, and refer to the action referenced therein for its precise scope and disposition.

75.     For their response to paragraph "75" of the Complaint, deny the allegations contained in the first two sentences of the paragraph, and refer to documents filed in the referenced actions for their precise scope and disposition.

76.     Deny the allegations contained in paragraph "76" of the Complaint.

77.     Deny the allegations contained in paragraph "77" of the Complaint.

{00908784.DOC;2 }

78.   Deny the allegations contained in paragraph "78" of the Complaint.

79.   Deny the allegations contained in paragraph "79" of the Complaint.

80.   Deny the allegations contained in the first sentence of paragraph "80" and otherwise state no response is required as to the remaining allegations; if a response is required, Defendants deny the allegations.

81.   For their response to paragraph "81" of the Complaint, state that no response is required; if a response is required, Defendants deny the allegations.

82.   Deny the allegations contained in paragraph "82" of the Complaint.

83.   Deny the allegations contained in paragraph "83" of the Complaint, and all of its subparts.

84.   Defendants repeat their responses to each of the paragraphs incorporated by reference within paragraph "84" of the Complaint.

85.   Deny the allegations contained in paragraph "85" of the Complaint.

86.   Deny the allegations contained in paragraph "86" of the Complaint.

87.   Deny the allegations contained in paragraph "87" of the Complaint.

88.   Deny the allegations contained in paragraph "88" of the Complaint.

89.   Deny the allegations contained in paragraph "89" of the Complaint.

90.   Deny the allegations contained in paragraph "90" of the Complaint.

91.   Deny the allegations contained in paragraph "91" of the Complaint.

92.   Deny the allegations contained in paragraph "92" of the Complaint.

93.   Defendants repeat their responses to each of the paragraphs incorporated by reference within paragraph "93" of the Complaint.

94.   Deny the allegations contained in paragraph "94" of the Complaint.

{00908784.DOC;2 }

95.     Deny the allegations contained in paragraph "95" of the Complaint.

96.     Deny the allegations contained in paragraph "96" of the Complaint.

97.     Deny the allegations contained in paragraph "97" of the Complaint.

98.     Deny the allegations contained in paragraph "98" of the Complaint.

99.     Deny the allegations contained in paragraph "99" of the Complaint.

100.    Deny the allegations contained in paragraph "100" of the Complaint and all of its subparts.

101.    Deny the allegations contained in paragraph "101" of the Complaint.

102.    Deny the allegations contained in paragraph "102" of the Complaint.

103.    Deny the allegations contained in paragraph "103" of the Complaint.

104.    Defendants repeat their responses to each of the paragraphs incorporated by reference within paragraph "104" of the Complaint.

105.    Deny the allegations contained in paragraph "105" of the Complaint.

106.    Deny the allegations contained in paragraph "106" of the Complaint.

107.    Deny the allegations contained in paragraph "107" of the Complaint.

108.    Defendants repeat their responses to each of the paragraphs incorporated by reference within paragraph "108" of the Complaint.

109.    For their response to paragraph "109" of the Complaint, refer to the contracts referenced therein for their precise terms and legal effect.

110.    State they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110" of the Complaint.

111.    Deny the allegations contained in paragraph "111" of the Complaint.

112.    Deny the allegations contained in paragraph "112" of the Complaint.

{00908784.DOC;2 }

8

113.   Deny the allegations contained in paragraph "113" of the Complaint.

114.   Deny the allegations contained in paragraph "114" of the Complaint.

115.   Defendants repeat their responses to each of the paragraphs incorporated by reference within paragraph "115" of the Complaint.

116.   State that no response is required to the allegations contained in paragraph "116" of the Complaint because they consist of a legal conclusion; if a response is required, Defendants deny the allegations.

117.   State that no response is required to the allegations contained in paragraph "117" of the Complaint because they consist of a legal conclusion; if a response is required, Defendants deny the allegations.

118.   State that no response is required to the allegations contained in paragraph "118" of the Complaint because they consist of a legal conclusion; if a response is required, Defendants deny the allegations.

119.   Deny the allegations contained in paragraph "119" of the Complaint.

120.   Deny the allegations contained in paragraph "120" of the Complaint.

121.   Deny the allegations contained in paragraph "121" of the Complaint.

122.   Deny the allegations contained in paragraph "122" of the Complaint.

123.   Deny the allegations contained in paragraph "123" of the Complaint.

124.   State that no response is required to the allegations contained in paragraph "124" of the Complaint because they consist of a legal conclusion.

## AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

125.   The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

126.   Plaintiff is barred from recovering on its claims under the doctrine of waiver, unclean hands and estoppel.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

127.   Plaintiff is barred from recovering on her breach of contract claim because she failed to fulfill her obligations pursuant to that contract, as alleged in the counterclaim below.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

128.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

129.   There is no personal liability over the individual defendants for the acts complained of herein.

## AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

130.   The claims fail to satisfy the requirements for certification as a class action.

## COUNTERCLAIM OF PROMPT

131.   Defendant-counterclaimant Prompt Nursing Employment Agency, LLC ("Prompt") is a New York limited liability company, which maintains a principal place of business in the State of New York, Nassau County.

132.   Upon information and belief, plaintiff-counterclaim-defendant Rose Ann Paguirigan ("Paguirigan") is a citizen of the State of New Jersey.

133.   Plaintiff and defendant Golden Gate Rehabilitation & Health Care Center ("Golden Gate") entered into a written contract pursuant to which, *inter alia*, plaintiff agreed to a three-year employment term (the "Agreement").

134. Golden Gate assigned all of its rights, claims and obligations concerning the Agreement to Prompt.

135. Paguirigan was employed by Prompt from approximately June 2015 until March 2016.

136. Prompt and/or its assignor incurred and paid on Paguirigan's behalf significant expenses in connection with Paguirigan's employment, including, but not limited to, travel expenses, legal fees and other associated expenses, some of which were acknowledged in writing by Paguirigan prior to her employment.

137. A valid and enforceable employment agreement existed between Pagurigan and Prompt, as assignee of Golden Gate.

138. The Agreement provides, *inter alia*, that Paguirigan was to provide services to her employer, in accordance with the terms of the Agreement.

139. Paguirigan breached the Agreement by, *inter alia*, failing to provide such services to Prompt in accordance with the Agreement.

140. As a direct and proximate result of Paguirigan's breach of the Agreement, Prompt sustained damages in an amount to be determined at trial.

141. The Agreement further provides that Prompt is entitled to recover its legal fees and other expenses in connection with enforcing its rights under the Agreement.

142. To date, Prompt has incurred significant expenses in enforcing its rights under the Agreement and expects to incur additional expenses and attorneys' fees in connection with enforcing its rights in this action.

143.     Accordingly, Prompt is entitled to recover its legal fees and other expenses incurred in connection with enforcing its rights under the Agreement, the precise amount to be determined at trial.

**WHEREFORE,** Defendants demand judgment as follows:

(a)     dismissing the complaint;

(b)     on its Counterclaim, awarding Prompt compensatory damages and the reimbursement of its legal fees and other expenses, in an amount to be determined at trial;

(c)     awarding Defendants their attorneys' fees, costs and disbursements of defending this action and awarding Prompt its attorneys' fees, costs and disbursement of prosecuting its counterclaim; and

(d)     granting such other and further relief as this Court deems just, equitable and proper.

New York, New York
Dated: January 16, 2018

ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK P.C.

By:     /s/ Sheldon Eisenberger
        Sheldon Eisenberger, Esq. (SE-2021)
        Alan M. Pollack (AMP-3759)
        Elliot Hahn, Esq. (EH-6087)
        875 Third Avenue, 9th Floor
        New York, NY 10022
        (212) 603-6300  Phone
        (212) 956-2164  Fax
        seisenberger@robinsonbrog.com
        amp@robinsonbrog.com
        eh@robinsonbrog.com

        and

{00908784.DOC;2 }

12

THE LAW OFFICE OF SETH EISENBERGER

By:  ___/s/ Seth Eisenberger_____
          Seth Eisenberger (SE-6769)
969 East 27th Street
Brooklyn, NY 11210
(347)-410-5800
seth@sethesq.com

*Counsel for Defendants*