UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROSE ANN PAGUIRIGAN, individually and
on behalf of all others similarly situated,          :

                                Plaintiff,          :          1:17 Civ. 1302 (NG) (JO)

                     -vs-          :          ANSWER TO COUNTERCLAIM


PROMPT NURSING EMPLOYMENT AGENCY          :
LLC d/b/a SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING          :
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a          :
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH          :
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,          :

                         Defendants.          :
-----------------------------------------------------------------X

      Plaintiff Rose Ann Paguirigan, by her undersigned attorneys, as and for her answer to the

counterclaim alleged by defendant Prompt Nursing Employment Agency LLC ("Prompt"),

alleges as follows:

      131.    Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations in paragraph 131 of defendant Prompt's counterclaim.

      132.    Admits the allegation in paragraph 132 of defendant Prompt's counterclaim.

      133.    Denies the allegations in paragraph 133 of defendant Prompt's counterclaim,

except admits that plaintiff entered into a written contract with defendant Golden Gate

Rehabilitation & Health Care Center LLC ("Golden Gate") as the Employer, that the anticipated

term of the contract was three years subject to the Employer complying with all material terms

and conditions in the contract, that the Employer breached the contract by failing to comply with

all material terms and conditions, including without limitation the terms and conditions described in plaintiff's complaint in this action, and refers to the contract for the complete terms and conditions thereof.

134.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 134 of defendant Prompt's counterclaim.

135.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 135 of defendant Prompt's counterclaim.

136.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 136 of defendant Prompt's counterclaim.

137.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 137 of defendant Prompt's counterclaim.

138.    Denies the allegations in paragraph 138 of defendant Prompt's counterclaim, except admits that plaintiff entered into a written contract with defendant Golden Gate as the Employer, that the contract anticipated plaintiff working for Golden Gate as the Employer, that the Employer breached the contract by failing to comply with all material terms and conditions of the contract, including without limitation the terms and conditions described in plaintiff's complaint in this action, and refers to the contract for the complete terms and conditions thereof.

139.    Denies the allegations in paragraph 139 of defendant Prompt's counterclaim.

140.    Denies the allegations in paragraph 140 of defendant Prompt's counterclaim.

141.    Denies the allegations in paragraph 141 of defendant Prompt's counterclaim.

142.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 142 of defendant Prompt's counterclaim.

143.    Denies the allegations in paragraph 143 of defendant Prompt's counterclaim.

### First Affirmative Defense

144.    Defendant Prompt's counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

145.    Defendant Prompt's counterclaim should be dismissed for lack of consideration.

### Third Affirmative Defense

146.    Defendant Prompt's counterclaim is barred by estoppel, laches, and waiver.

### Fourth Affirmative Defense

147.    Defendant Prompt's counterclaim should be dismissed because of the Employer's anticipatory and actual breach of the contract.

### Fifth Affirmative Defense

148.    Defendant Prompt's counterclaim should be dismissed because any rights Prompt may claim were obtained by duress and fraud.

### Sixth Affirmative Defense

149.    Defendant Prompt's counterclaim should be dismissed on the ground that the relief sought is unconscionable, illegal, contrary to federal immigration laws, contrary to New York State common law, and barred by collateral estoppel and res judicata.

### Seventh Affirmative Defense

150.    The purported assignment to Prompt of the contract between plaintiff and defendant Golden Gate was ineffective due to a lack of consideration, lack of notice to plaintiff, and failure to comply with the Statute of Frauds.

WHEREFORE, plaintiff requests entry of an order and judgment dismissing the counterclaim alleged by defendant Prompt Nursing Employment Agency LLC with prejudice,

awarding plaintiff the costs and disbursements of this action, granting all relief sought in

plaintiff's complaint in this action, and granting such other relief as the Court deems just.

Dated: New York, New York                    THE HOWLEY LAW FIRM P.C.
      February 6, 2018

                                          By:_____*/s John Howley*_____
                                              John Howley
                                            Leandro B. Lachica
                                      *Attorneys for Plaintiff*
                                        350 Fifth Avenue, 59th Floor
                                        New York, New York 10118
                                        (212) 601-2728