UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROSE ANN PAGUIRIGAN, individually and
on behalf of all others similarly situated,    :

                           Plaintiff,    :    1:17 Civ. 1302 (NG) (JO)

                          -vs-    :

PROMPT NURSING EMPLOYMENT AGENCY    :
LLC d/b/a SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING    :
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a    :
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH    :
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,    :

                        Defendants.    :
----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS LANDA AND PHILIPSON'S
MOTION FOR RECONSIDERATION**

Plaintiff submits this memorandum of law in opposition to defendants Benjamin Landa and Bent Philipson's motion for reconsideration pursuant to Local Civil Rule 6.3.

<u>**Argument**</u>

"[A] party may bring a motion for reconsideration accompanied by 'a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" *U.S. v. McKesson Corp.*, No. 12 Civ. 6440 (NG), 2019 WL 2717104, at *1 (E.D.N.Y. June 28, 2019) (quoting Local Civil Rule 6.3). "Such a motion is not a 'proper tool to relitigate arguments and issues already considered by the Court in deciding the original motion, nor is it proper to raise new arguments and issues in a motion for reconsideration.'" *Id*. (quoting

*Henry v. All. for Health, Inc.*, No. 05 Civ. 1264 (SJF), 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (citations omitted)). "Accordingly, motions for reconsideration will 'generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . .'" *Id*. (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

In this case, defendants Landa and Philipson do not identify any controlling decisions that the Court allegedly overlooked. Instead, they argue that the Court misapplied the evidence to the law. "Disagreeing with the court's analysis" however, "is not the same as referencing a 'controlling decision' that the court has overlooked. Whereas the latter constitutes a valid ground for granting a motion for reconsideration, the former amounts to nothing more than an attempt to relitigate issues already decided." *Id.* (quoting *Shrader*, 70 F.3d at 257); *see also Al Maya Trading Estab. v. Global Export Mktng. Co.*, No. 14 Civ. 275 (PAE), 2014 WL 3507427, at *10 (S.D.N.Y. July 15, 2014) (denying reconsideration in the absence of "controlling decisions or data, which had previously been brought to the Court's attention, that the Court overlooked."); *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("courts do not tolerate such efforts to obtain a second bite at the apple"); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 606-08 (S.D.N.Y. 2012); *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *6 (S.D.N.Y. Mar. 22, 2001).

A. **Defendants' Attempt to Relitigate the Issue of Their Liability Under 18 U.S.C. § 1589(b) is Not Grounds for Reconsideration**

This Court found "on the undisputed facts that defendant Prompt Nursing violated TVPA § 1589(a)(2)," and "that Prompt Nursing acted with knowledge and intent that the liquidated damages provision would effectively coerce nurses into continuing to work." Opinion & Order

at 35, 37.  Defendants Landa and Philipson do not ask the Court to reconsider these determinations.

This Court found that defendants Landa and Philipson violated TVPA § 1589(b), a different sub-section of the TVPA.  *Id*. at 37.  As this Court noted, Section 1589(b) provides that "'[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection [1589](a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).'" *Id*. at 37-38 (quoting 18 U.S.C. § 1589(b)).

Defendants Landa and Philipson do not dispute that the Court correctly quoted the statutory language setting forth the legal standard for liability under TVPA § 1589(b).  They do not ask the Court to reconsider its determination that they participated in a venture with Prompt Nursing "to recruit Filipino nurses to work at nursing homes affiliated with defendants," that they "knowingly benefitted" from the labor obtained from the Filipino nurses, or that they had "direct knowledge" of the liquidated damages clause in the contracts.  *See* Opinion & Order at 38.  They also do not challenge this Court's determination that they acted with "know[ledge] or in reckless disregard of" the fact that Prompt Nursing engaged in the providing or obtaining of labor or services by enforcement of the liquidated damages clause.  *See id.* at 38.

Defendants Landa and Philipson argue only that there was insufficient evidence that they, personally, "'**intended** to cause [plaintiff] to believe that, if [she] did not perform such labor or services, [she] or another person would suffer serious harm or physical restraint . . . .'" Def. Mem. at 4 (emphasis in original) (quoting 18 U.S.C. § 1589(a)(4) and citing *U.S. v. Calimlim*, 538 F.3d 706, 710-11 (7th Cir. 2008)).

3

An argument that the evidence was insufficient to prove that defendants Landa and Philipson violated TVPA § 1589(a) does not provide grounds for reconsideration of this Court's determination that they violated TVPA 1589(b). As an initial matter, disagreeing with a court's analysis of the evidence is not a proper ground for reconsideration. *See, e.g., McKesson Corp.*, 2019 WL 2717104, at *1. Moreover, defendants' argument is a *non sequitur* because liability under TVPA § 1589(b) requires only that they acted with "reckless disregard" of the fact that their co-defendant, Prompt Nursing, acted with an intent to coerce Filipino nurses to continue working for the defendants. Defendants Landa and Philipson have not identified any controlling legal authority on this issue that was previously brought to the Court's attention and that the Court overlooked. Accordingly, they have not presented any grounds for reconsideration of the Court's determination that they are liable for violations of TVPA § 1589(b). *See, e.g., id.*

### B. Defendants' Attempt to Relitigate the Enforceablility of the Liquidated Damages Clause is Not Grounds for Reconsideration

Defendants Landa and Philipson ask this Court to reconsider its decision that the liquidated damages clause is an unenforceable penalty. At the same time, defendants Landa and Philipson, along with the other defendants, have filed a notice of appeal seeking review of this Court's judgment enjoining them from enforcing the liquidated damages clause.

Defendants' motion for reconsideration of the enforceability of the liquidated damages clause should be denied for lack of jurisdiction, because the same issue is before the Court of Appeals. *See, e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *accord Patterson v. Newspaper and Mail Deliverers' Union of N.Y. and Vicinity*, 802 F. Supp. 1053, 1056 (S.D.N.Y. 1992) (district court authority to preserve the status quo pending an appeal "'does not restore

4

jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court'") (citation omitted).[1]

Even if this Court has jurisdiction to reconsider the enforceability of the liquidated damages clause, defendants Landa and Philipson have not identified any controlling authority that the Court overlooked. To the contrary, they concede that the Court "correctly set forth the standard" for deciding whether a liquidated damages clause is an unenforceable penalty. Def. Mem. at 6.

Defendants Landa and Philipson argue instead that the plaintiff "on motion for summary judgment failed to meet [her] burden" under the legal standard the Court correctly identified. *Id*. Defendants Landa and Philipson also argue that the Court should reconsider its decision based on one conclusory sentence in Philipson's declaration stating his belief about what it would have cost to replace plaintiff if she stopped working. *Id*. at 7.

The Court addressed these argument directly in its Opinion & Order, where it found that plaintiff demonstrated that the employer's damages "were ascertainable at the time of the contract," and that the defendants' declarations "fail[ed] to provide an evidentiary basis for concluding what their costs were." Opinion and Order, at 23. Defendants' attempt to "'relitigate arguments and issues already considered by the Court in deciding the original motion'" is insufficient to justify reconsideration. *McKesson Corp.*, 2019 WL 2717104, at *1 (citation omitted).

---

[1] The Court of Appeals may ultimately decide that the defendants' notice of appeal is premature. *See* Fed. R. App. P. 4(a)(4)(B)(i). Only the Court of Appeals, however, can make that determination. Unless and until it does so, the defendants' notice of appeal has divested this Court of jurisdiction over the enforceability of the liquidated damages clause.

## Conclusion

For all the foregoing reasons, defendants Landa and Philipson's motion for reconsideration should be denied in its entirety.

Dated: New York, New York  
November 13, 2019

Respectfully submitted,

THE HOWLEY LAW FIRM P.C.

By: _____  
John J.P. Howley  
Leandro B. Lachica  
350 Fifth Avenue, 59th Floor  
New York, New York 10118  
(212) 601-2728  
*Attorneys for Plaintiff and  
the Plaintiff Class*