**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROSE ANN PAGUIRIGAN, individually and
on behalf of all others similarly situated,

                              *Plaintiff*,                     Case No. 1:17 Civ. 1302 (NG) (JO)

                    -vs-

PROMPT NURSING EMPLOYMENT AGENCY
LLC d/b/a SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,

                              *Defendants*.

---

### DEFENDANTS BENJAMIN LANDA'S AND BENT PHILIPSON'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Defendants Benjamin Landa ("Landa") and Bent Philipson ("Philipson") hereby submit this Reply Memorandum of Law in further support of Mr. Landa's and Mr. Philipson's Motion for Reconsideration pursuant to Local Civil Rule 6.3.

## ARGUMENT

Contrary to Plaintiff's misinterpretation of the motion by Benjamin Landa and Bent Philipson, Mr. Landa and Mr. Philipson respectfully request that the Court review and reconsider its September 24, 2019 decision (the Opinion & Order, ECF Doc No. 95; *Paguirigan v. Prompt Nursing Empl. Agency LLC*, 17-CV-1302 (NG) (JO), 2019 WL 4647648, (E.D.N.Y. Sept. 24, 2019) ("Opinion & Order") because (1) the Court misapplied the appropriate standard of law; and (2) to prevent the manifest injustice that would occur by holding Mr. Philipson and Mr. Landa personally liable under any section of the Trafficking Victims Protection Act ("TVPA").

### A. The Court, by Misapplying the Scienter Standard of Law Under the TVPA, is Sufficient Grounds for Reconsideration.

In order to find Mr. Landa and Mr. Philipson liable under §1589(b) there must be some evidence in the record to support a finding that Mr. Landa and Mr. Philipson received some financial benefit with knowledge or reckless disregard of the fact that Prompt violated §1589(a). The statute says as much. (18 U.S.C. §1589(b) concludes, "…knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services [by violation of section (a)]") Such evidence might be in the form of proof that Mr. Landa and Mr. Philipson knew, at the time of contract, that the liquidated damages clause was a threat of serious harm directed at the Plaintiff. No such evidence exists and the Court never discussed the issue in finding liability under (b).

This Court found that **only Prompt Nursing** violated TVPA § 1589(a)(2) and "that Prompt Nursing acted with knowledge and intent that the liquidated damages provision would

1

effectively coerce nurses into continuing to work." Opinion & Order at *35, 37. However, since

Mr. Landa and Mr. Philipson (whom the Court, in its analysis of the piercing of the corporate

veil, determined did not exercise sufficient control over Prompt Nursing, *Id* at *29) personally

believed that the $25,000 liquidated damages clause was not excessive or punitive, but rather

reasonable for the actual replacement costs of having to recruit, hire, obtain visas, train, orient,

procure housing, etc. for new nurses under such short notice, then they could not have possibly

acted with the statute's scienter requirement of intent or even with reckless disregard in violation

of the TVPA. There is simply no evidence in the record to suggest otherwise but at the

minimum, the scienter of Mr. Landa and Mr. Philipson must be found by a trier of fact.

**B. Manifest Injustice is also a Ground for Reconsideration and the Court Will be Creating a Manifest Injustice if it Holds Mr. Landa and Mr. Philipson Personally Liable Under the TVPA.**

Reconsideration by a Court of its prior decision is justified to correct a clear error or to

prevent manifest injustice. *Terra Energy & Resources Techs., Inc. v. Terralinna Pty. Ltd*., 12-

CV-1337 KNF, 2014 WL 5690416, at *1 (S.D.N.Y. Nov. 5, 2014). *See Virgin Atlantic Airways,

Ltd. v. National Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992). The determination to grant

or deny a motion for reconsideration is left to "the sound discretion" of the court. Courts have

routinely granted motions for reconsideration to prevent manifest injustice. *Mikol v. Barnhart*,

554 F. Supp. 2d 498 (S.D.N.Y. 2008) (granting reconsideration to prevent manifest injustice);

*see also Anwar v. Fairfield Greenwich Ltd*., 745 F. Supp. 2d 360, 383 (S.D.N.Y. 2010) (granting

motion to reconsider for reasons of manifest injustice).

Here, it is respectfully submitted that there is manifest injustice in finding liability on the

part of Mr. Landa and Mr. Philipson under the TVPA when there is no evidence to support the

requisite scienter by these two individuals. The allegations against Mr. Landa and Mr. Philipson

fall far from legislative intent behind the statute. In this case it would be a gross injustice to label these two individuals as slave laborers or the like by the limited facts before the Court. The work required of the nurses were not laborious and they were free to leave after their shifts ended. The liquidated damages clause was not static; it decreased based on the number of years of service performed. Upholding the findings against Mr. Landa and Mr. Philipspn will create a manifest injustice without furthering any purpose on behalf of the Plaintiff.

**C. The Court Erred in a Matter of Law by Shifting the Burden from Plaintiff to Defendant to Show the Validity of the Liquidated Damages Clause.**

The motion should also be granted because the Court applied the wrong burden of proof standard. The burden to prove that the amount fixed as liquidated damages does not correlate to actual damages suffered falls on the Plaintiff. It is respectfully submitted that the Plaintiff failed to present evidence which would permit this Court to find that the nature of the $25,000 liquidated damages provision (which ultimately reduced down to $8,333.34) was punitive. In order to void a liquidated damages clause the burden of proof falls upon the **Plaintiff** to prove that the amount was punitive and that the amount of the punitive damages was ascertainable at the time of contract. *See The Edward Andrews Group, Inc. v. Addressing Services Co., Inc.*, 2005 WL 3215190, at *6 (S.D.N.Y. Nov. 30, 2005). The party contesting a liquidated damages provision bears the burden of proffering evidence showing that enforcement of the provision is unconscionable. *See AXA Inv. Mgrs. UK Ltd v. Endeavor Capital Mgmt. LLC*, 890 F. Supp. 2d 373, 388 (S.D.N.Y. 2012). *DAR & Assocs., Inc. v. Uniforce Servs., Inc.*, 37 F. Supp. 2d 192, 201 (E.D.N.Y. 1999) ("[ex-employee] has the burden of proving that the liquidated damage clause to which it freely contracted is, in fact, a penalty"); *Rattigan v. Commodore Int'l Ltd.*, 739 F.Supp. 167, 170 (S.D.N.Y.1990) (party claiming that liquidated damages is penalty bears burden). Specifically, the "party challenging the liquidated damages provision must proffer sufficient

3

facts to demonstrate that at the time of contracting (1) prospective actual damages were readily ascertainable or (2) damages agreed upon were conspicuously disproportionate to ... foreseeable losses. *The Edward Andrews Grp., Inc. v. Addressing Servs. Co.*, No. 04CIV6731LTSAJP, 2005 WL 3215190, at *6 (S.D.N.Y. Nov. 30, 2005) (internal quotes omitted). Here, Plaintiff never offered such evidence.

This Court's decision flipped the burden to Defendants. Plaintiff concedes as much. Plaintiff's Memorandum of Law in Opposition to Defendants Motion for Reconsideration (Page 5) points out that the Court found "that the **defendants'** declarations 'fail[ed] to provide an evidentiary basis for concluding what their costs were.'"

No evidence has been produced by the Plaintiffs, who bear the burden of proof, that Mr. Landa or Mr. Philipson at the time of contracting knew or could have easily determined the actual damages and costs they would sustain, including non-direct costs to be prorated as a result of the nurse's breach of contract. In addition, prior to arrival in the United States, there is no indication that Plaintiff either could accurately estimate the costs which would be incurred throughout the immigration process and acclimation process. Further, it is respectfully submitted that the Plaintiff has not shown that Defendant's calculation of damages (as the non-breaching party), in the absence of mitigation, was unreasonable when compared to the amount set forth in the liquidated damages provision. Therefore, Plaintiff, on motion for summary judgment failed to meet its burden of proving the liquidated damages clause was ascertainable at the time of contract or punitive.

### D. This Court Retains Jurisdiction to Decide this Motion for Reconsideration Despite the Filing of an Interlocutory Appeal.

Plaintiff is simply wrong in its claim that the interlocutory appeal divested this Court of jurisdiction to hear the Rule 59 motion. The United States Supreme Court decision cited by

plaintiff actually held that post-1979 amendments to the rules, a District Court has the "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982). *See, also*, *Taylor v. Manheim Mktg. Inc.*, 15CV01950PKCRER, 2018 WL 611628, at *1 (E.D.N.Y. Jan. 29, 2018).  Even more, as this Court's November 4, 2019 minute entry notes, "[t]he parties agree that the court retains jurisdiction over the case." There is no basis to now claim otherwise.

## CONCLUSION

For the reasons stated herein, it is respectfully requested this Court grant the motion of Mr. Landa and Mr. Philipson for rehearing and reconsideration and vacate the TVPA judgments against them.


Dated:  Kew Gardens, New York
        November 27, 2019              Respectfully,

                                    LIPSIUS-BENHAIM LAW LLP


By: _____
                        Ira S. Lipsius (ilipsius@lipsiuslaw.com)
                        80-02 Kew Gardens Road, Suite 1030
                        Kew Gardens, New York 11415
                        Telephone: 212-981-8440
                        Facsimile: 888-442-0284
                        *Attorney for Defendants*
                        *Benjamin Landa and Bent Philipson*