UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROSE ANN PAGUIRIGAN, individually and on
behalf of all others similarly situated,

                Plaintiff,

      - against -

PROMPT NURSING EMPLOYMENT AGENCY
LLC d/b/a/ SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,

                Defendants.
-----------------------------------------------------------------x

**OPINION & ORDER**

**17-cv-1302 (NG) (JO)**

**GERSHON, United States District Judge:**

Two defendants, Benjamin Landa and Bent Philipson (collectively, "Moving Defendants"), move for reconsideration under Federal Rule of Civil Procedure ("Rule") 59(e) and Local Civil Rule ("Local Rule") 6.3 of certain aspects of the opinion and order entered September 24, 2019, *inter alia*, granting partial summary judgment for plaintiffs. *Paguirigan v. Prompt Nursing Employment Agency LLC*, 2019 WL 4647648, at *1 (E.D.N.Y. Sept. 24, 2019). More specifically, Moving Defendants ask that I reconsider that part of the decision finding them liable under Sections 1589, 1590, and 1594 of the Trafficking Victims Protection Act ("TVPA").

The standard for relief under Local Rule 6.3 is identical to that of Rule 59(e). *Siino v. Bd. of Trustees of New York City Teachers' Ret. Sys.*, 2009 WL 734076, at *1 (S.D.N.Y. Mar. 13, 2009), *aff'd*, 374 F. App'x 221 (2d Cir. 2010). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation

of scarce judicial resources.'" *Pearlstein v. Blackberry Ltd.*, 2019 WL 6977157, at *2 (S.D.N.Y. Dec. 19, 2019). Such a motion is not a "proper tool to relitigate arguments and issues already considered by the Court in deciding the original motion, nor is it proper to raise new arguments and issues in a motion for reconsideration." *Henry v. All. for Health, Inc.*, 2006 WL 3050873, at *1 (E.D.N.Y. Oct. 18, 2006) (citations omitted). Accordingly, motions for reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). I will address each of Moving Defendants' arguments in turn.

As to their first argument, Moving Defendants claim that a violation of TVPA § 1589(b) first requires a finding of liability under TVPA § 1589(a), the latter of which has a different scienter requirement. They then assert that, because I did not find that defendants Landa and Philipson violated § 1589(a), and because there is no evidence in the record that these two individuals were aware that the liquidated damages provision was punitive and unenforceable, I erred in finding them liable under § 1589(b) and the other TVPA provisions.

I note at the outset that I did find that plaintiffs had proved the scienter of the Moving Defendants under § 1589(b), and that they now raise this particular scienter argument for the first time. That said, if this argument had been raised on summary judgment, I would have rejected it both on the law and the facts. First, there is no indication in the statute that an individual can be held liable under § 1589(b) only if he or she is first found to have violated § 1589(a). Section 1589(a) extends liability to individuals who themselves "provide or obtain the labor or services by" any one of several enumerated means. It contains an express knowledge requirement, and one of its subsections contains an intent requirement. Section 1589(b), on the other hand, holds liable

2

individuals who knowingly benefit from participating in a venture "that has engaged in the providing or obtaining of labor or services by any of the means described in" § 1589(a), "knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means." To be sure, there must be an underlying violation of § 1589(a) before venture liability can be imposed under § 1589(b). But that does not mean that each individual who is held liable under § 1589(b) must, as a pre-requisite, also be found liable under § 1589(a). Indeed, such an interpretation would render § 1589(b) unnecessary and redundant.

In addition, plaintiffs did not need to produce evidence demonstrating that each of the Moving Defendants knew that the liquidated damages provision was punitive and unenforceable—which is, of course, a legal determination—in order for him to be held liable under § 1589(b). On summary judgment, I concluded that the liquidated damages provision constituted a threat of serious financial harm in violation of TVPA § 1589(a)(2) and that defendant Prompt Nursing violated that subsection. *Paguirigan*, 2019 WL 4647648, at *18. Because the remaining defendants were in a venture with Prompt Nursing from which they financially benefitted, and because each individual defendant was aware of the liquidated damages provision—points that Moving Defendants do not dispute—I concluded that "each defendant acted with 'know[ledge] or in reckless disregard of the fact that the venture . . . engaged in the providing or obtaining of labor or services' through means prohibited by TVPA § 1589(a)," and therefore violated § 1589(b). *Id.* at *19. Contrary to Moving Defendants' argument, for which they have produced no authority, an individual violates TVPA § 1589(b) when he or she has knowledge of, or recklessly disregards, conduct that violates TVPA § 1589(a)—regardless of his or her subjective opinion of that conduct.

In any event, the undisputed facts demonstrate that the Moving Defendants did have the type of knowledge that they now claim they lacked. In 2010, the New York State Supreme Court,

Nassau County, found that the liquidated damages provision was unenforceable. *SentosaCare LLC v. Anilao*, Index No. 6079/2006, at 6 (Sup. Ct. Nassau Cty. May 20, 2010). In that case, defendant Sentosacare LLC, which is co-owned by Landa and Philipson, sued multiple nurses to enforce the liquidated damages provision, and Philipson was named as a counterclaim defendant.[1] *Id.* Despite this decision, Landa and Philipson, in their role as owners or managers of multiple nursing homes, continued to sign contracts containing the liquidated damages provision on behalf of the nursing homes. Accordingly, if I were faced with this question on summary judgment, I would have concluded that these individuals acted with knowledge, or at least reckless disregard, that the provision was punitive and unenforceable.

Moving Defendants also argue that, in holding that the liquidated damages provision is unenforceable, I improperly flipped the burden of proof onto defendants and erred in concluding that defendants' damages were ascertainable. Moving Defendants' assertion that, in rejecting some of their evidence on the subject, I shifted the burden of proof to the defendants, is simply incorrect, as is clear from the opinion. In any event, mere disagreement with my analysis on this issue is not "a proper basis for reconsideration." *See Storms v. United States*, 2015 WL 7429999, at *8 (E.D.N.Y. Nov. 20, 2015).

Finally, I reject Moving Defendants' argument that this motion must be granted in order to "prevent manifest injustice." *See NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 395 (S.D.N.Y. 2016).

The motion for reconsideration is denied.[2]

---

[1] The case was comprised of multiple lawsuits that had been consolidated; it apparently settled before trial.

[2] The parties dispute whether, given defendants' notice of appeal, this court has jurisdiction to decide all of this motion. A timely Rule 59(e) motion for reconsideration has the effect of holding an appeal in abeyance, even when the motion for reconsideration is filed after the notice of appeal.

SO ORDERED.

S/NINA GERSHON
_____
NINA GERSHON
**United States District Judge**

January 9, 2020
Brooklyn, New York

---

*See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58–61 (1982); *Pierre v. Tiscione*, 2018 WL 9596851, at *1 (S.D.N.Y. Sept. 25, 2018); *Tamayo v. City of New York*, 2004 WL 725836, at *2 (S.D.N.Y. Mar. 31, 2004); Fed. R. App. P. 4(a)(4)(B)(i); *see also* Fed. R. App. P. 4, Advisory Committee Notes to 1993 Amendments, Note to Paragraph (a)(4) ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of . . . .").