UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROSE ANN PAGUIRIGAN, individually and on
behalf of all others similarly situated,

              Plaintiff,                            **MEMORANDUM & ORDER**

      - against -                              17-cv-1302 (NG) (JO)

PROMPT NURSING EMPLOYMENT AGENCY
LLC d/b/a/ SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,

              Defendants.
-------------------------------------------------------------x
**GERSHON, United States District Judge:**

Defendants Prompt Nursing Employment Agency LLC, Sentosacare LLC, Sentosa Nursing Recruitment Agency, Benjamin Landa, Bent Philipson, Berish Rubenstein, Francis Luyun, Golden Gate Rehabilitation and Health Care Center LLC, and Spring Creek Rehabilitation and Nursing Center move pursuant to 28 U.S.C. § 1292(b) for certification of an interlocutory appeal of this court's opinion and order entered September 24, 2019, *inter alia*, granting partial summary judgment for plaintiffs. *Paguirigan v. Prompt Nursing Employment Agency LLC*, 2019 WL 4647648, at *1 (E.D.N.Y. Sept. 24, 2019).

A request for an interlocutory appeal can be granted only if the order in question involves "a controlling question of law about which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 864 (2d Cir. 1996). Here, defendants have failed

to persuade me that granting their request would materially advance the ultimate termination of the litigation.

Regarding this factor, defendants assert that, because they have a right to appeal that part of my order granting injunctive relief, the case would be materially advanced if I granted their request because it would allow the "entire case [to] be heard by the Court of Appeals at once" and would prevent piecemeal appeals. Defs.' Reply Br. at 10. But to accept defendants' argument would allow 28 U.S.C. § 1292(a)(1), one of few exceptions to the final judgment rule, to swallow the rule itself. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 428, 478 (S.D.N.Y. 2013) (stating the same with respect to the qualified immunity exception). Furthermore, defendants' contention is particularly unconvincing because the vast majority of issues in the case were resolved on summary judgment, and therefore, there is no reason to conclude that an "immediate appeal may avoid protracted litigation." *See Koehler*, 101 F.3d at 865–66.

The motion for certification is denied.[1]

---

[1] On October 23, 2019, defendants filed a notice of appeal as to my entire decision. As a general rule, when a notice of appeal is filed, "the district court is divested of 'control over those aspects of the case involved in the appeal.'" *Hoffenberg v. United States*, 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004). Here, while there is a basis for defendants to have appealed the part of my decision granting injunctive relief, 28 U.S.C. § 1292(a)(1), it appears that defendants' notice is premature as to other issues in the decision, and therefore does not divest me of jurisdiction as to those aspects of the case. *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996).

In any event, I need not assess, issue by issue, my jurisdiction over this motion because Rule 62.1(a)(2) provides me with express authority to deny it. *See* Fed. R. Civ. P. 62.1.

SO ORDERED.

/s/ Nina Gershon
NINA GERSHON
United States District Judge

January 9, 2020
Brooklyn, New York