# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROSE ANN PAGUIRIGAN, individually and
on behalf of all others similarly situated,    :

       Plaintiff,  :  1:17 Civ. 1302 (NG) (CLP)

      -vs-     :

PROMPT NURSING EMPLOYMENT AGENCY :
LLC d/b/a SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING :
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a :
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH :
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER, :

      Defendants. :
-----------------------------------------------------------------X

# SETTLEMENT AGREEMENT AND RELEASE

  This Settlement Agreement and Release (the "Agreement") is made and entered into by and between Plaintiff Rose Ann Paguirigan, individually and as representative of the Plaintiff Class (collectively "Plaintiffs") on the one hand, and Defendants Prompt Nursing Employment Agency LLC d/b/a/ Sentosa Services, SentosaCare LLC, Sentosa Nursing Recruitment Agency, Benjamin Landa, Bent Philipson, Berish Rubenstein a/k/a Barry Rubenstein, Francis Luyun, Golden Gate Rehabilitation & Health Care Center LLC, and Spring Creek Rehabilitation and Nursing Center (collectively "Defendants") on the other hand.

  WHEREAS, on March 7, 2017, Plaintiff Rose Ann Paguirigan filed a Class Action Complaint in this action alleging claims against Defendants for alleged violations of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1589, *et seq.*, and for breach of contract under New York law [ECF 1];

  WHEREAS, on September 12, 2018, this Court entered an Order certifying a class comprised of "all nurses who were recruited by the defendants in the Philippines and were employed by the defendants in the United States at any time since December 23, 2008" (the "Class") and appointing John Howley, Esq. and Leandro B. Lachica, Esq. as Class Counsel [ECF 72];

1

WHEREAS, on November 28, 2018, this Court entered an Order approving a proposed notice to the Class [ECF 80];

WHEREAS, on December 17, 2018, Class Counsel advised the Court that notice was provided to putative class members as required by the Court's November 28, 2018 Order [ECF 83];

WHEREAS, on October 17, 2019, Class Counsel advised the Court that they had not received any requests to opt out of the Class [ECF 101];

WHEREAS, on September 24, 2019, this Court issued an Opinion and Order granting in part and denying in part cross-motions for summary judgment, and directing entry of a partial judgment [ECF No. 95];

WHEREAS, on September 27, 2019, a partial judgment was entered as to liability on the breach of contract claims in favor of Plaintiffs against Defendants Prompt Nursing and Rubenstein; as to liability on the Trafficking Victims Protection Act claims in favor of Plaintiffs against all Defendants; declaring that the liquidated damages provisions in the employment contracts and confessions of judgment at issue are unenforceable; and permanently enjoining Defendants from enforcing or attempting to enforce either (the "Partial Judgment") [ECF No. 96];

WHEREAS, Defendants appealed the Partial Judgment [ECF No. 103];

WHEREAS, the United States Court of Appeals for the Second Circuit: (1) affirmed this Court's declaration that the liquidated damages clause is unenforceable; (2) affirmed the injunction against its enforcement; but (3) specifically refused to consider any other issues on an interlocutory appeal including whether the Defendants violated the TVPA;

WHEREAS, on June 1, 2021, this Court issued an Opinion and Order awarding the Plaintiffs: (1) $1,559,099.79 in compensatory damages plus statutory interest at 9% against defendants Prompt and Rubenstein on the breach of contract of claim; or (2) $1,559,099.79 in compensatory damages plus interest at the federal rate against all Defendants for violations of the TVPA; and (3) directing that Plaintiffs' claims for punitive damages be determined by a jury (the "Damages Order") [ECF 140];

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") desire to resolve all claims and counterclaims raised in this lawsuit or could have been raised, without the risks, expense, and aggravation of further litigation;

NOW, THEREFORE, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. <u>Consideration</u>:  In lieu of incurring further litigation costs associated with defending the lawsuit, and in consideration for the execution of this Agreement, which includes a release of claims, Defendants agree to pay a total of Three Million Dollars and No Cents ($3,000,000.00) (the "Settlement Amount") as follows:

    a. An incentive fee of $10,000.00 for serving as class representative;

    b. Checks payable to each Class member in the amounts set forth on the attached Schedule A in full satisfaction of their claims for damages in this lawsuit; and

    c. An award to "The Howley Law Firm P.C." in the amount as determined by the Court pursuant to ¶ 13.c. herein. in full satisfaction of Plaintiffs' claims for attorneys' fees, costs, and expenses.

    d. Defendants shall issue an IRS Form 1099-MISC to each person receiving a payment under this Agreement.

2. <u>Timing of Payment</u>.  Payment shall be made on or before the Payment Date defined below.  The Parties agree that Class Counsel are third-party beneficiaries of this Agreement.  If payment is not made by the Payment Date, Defendants agree to pay Plaintiff's and Class Counsel's costs related to enforcing this Agreement, including reasonable attorneys' fees and disbursements.

3. <u>Full Payment</u>:  Plaintiffs agree and affirm that the payments described above shall constitute the entire amount of monetary consideration provided to Plaintiffs and Class Counsel for alleged damages, interest, attorney's fees, costs, and other expenses.

4. <u>Taxes and Withholding</u>:  Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by them with respect to the above payments in Paragraph 1.  If any taxing body determines that the tax treatment was incorrect, Plaintiffs acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

5. <u>Release of Claims by Plaintiffs</u>:  Plaintiffs, individually and on behalf of their spouses, heirs, executors, testators, representatives, agents, successors and assigns, freely and irrevocably relinquish, release, and waive all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, related to her or his

employment, association, recruitment, training or otherwise in any manner by or with any of the Defendants that were raised, or could have been raised, pursuant to the Trafficking Victims Protection Act ("TVPA") or any other law or statute, whether in law or equity, as well as any claims actually raised in the Action against Defendants, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, independent contractors, vendors, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities (collectively, the "Releasees"), that may have arisen from the beginning of time through the Effective Date of this Agreement.

6. <u>Claims Excluded from the Release</u>: The release of claims described in Paragraph 5 shall not prevent any Plaintiff from participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law. Plaintiffs, however, agree and understand that they have waived any right to recover monetary damages or other relief personal to Plaintiffs in any such proceeding, complaint or lawsuit in any way relating to any released claims.

7. <u>Release of Claims by the Defendants</u>: Defendants and their respective parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, shareholders, officers, and directors, and their spouses, heirs, executors, testators, representatives, agents, successors and assigns freely and irrevocably relinquish, release, and waive all claims for damages against Plaintiffs for breach of any employment contract, including without limitation any claim for liquidated damages, that may have arisen from the beginning of time through the Effective Date of this Agreement.

8. <u>Partial Vacatur</u>: The Parties shall file a joint motion to vacate: (a) only that portion of the Partial Judgment that relates to and found any violation of the TVPA and the findings related to piercing the corporate veil; and (b) only that portion of the Damages Order that found Defendants liable for compensatory damages and federal statutory interest for violations of the TVPA. In light of the above, there is no need for a jury trial to determine whether the Plaintiffs are entitled to punitive damages. Defendants' attorneys shall be responsible for drafting the joint motion to vacate and shall file the motion after approval from Class Counsel.

9. <u>Contingency of Settlement</u>: This Settlement Agreement is contingent upon the Court granting the Motion to Vacate, in its entirety, as set forth above in Paragraph 8. Should the Court deny the Motion to Vacate, vacate the judgment in any way which does not conform to what is provided for herein, or grant the motion in part, this Settlement Agreement shall become null and void in its entirety, the motion to vacate shall be withdrawn, and there shall be no obligation upon the Defendants to pay any amount in settlement, including those amounts set forth in Paragraph 1.

10. No Admission of Liability or Wrongdoing: Neither this Agreement nor anything contained herein constitutes or is intended to constitute an admission of liability or wrongdoing by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted, or may assert in connection with the employment of Plaintiffs by or with Defendants.

11. Bona Fide Dispute: This Agreement is in settlement of disputed claims. The Parties agree that there is a bona fide dispute as to whether Plaintiffs would prevail on the merits of their claims at a punitive damages trial or on appeal. The amount being paid to Plaintiffs and Class Counsel, as indicated in Paragraph 1, is a fair and reasonable resolution of this bona fide dispute.

12. Changes to the Agreement: This Agreement may not be changed unless the changes are in writing, signed by all Parties or their designees, and approved by the Court.

13. Submission to Court for Approval: The Parties agree to submit this Agreement to the Court for approval.

   a. Upon complete execution of this Agreement, the Parties shall file a joint and unopposed application for preliminary settlement approval ("Preliminary Approval Motion") and Motion for Partial Vacatur as set forth in Paragraph 8. In connection with the Preliminary Approval Motion, the Parties will submit to the Court: (1) the proposed Notice of Settlement, (2) the proposed Preliminary Approval Order, (3) an executed version of this Agreement and (4) a proposed Order of Partial Vacatur. Class Counsel shall be responsible for drafting the Preliminary Approval Motion and shall file the motion after approval from Defendants.

   b. The Preliminary Approval Motion shall request a 60-day deadline from the initial mailing of the Notice of Settlement for any Class member to file any objections. The Preliminary Approval Motion shall request a date for a Fairness Hearing no earlier than 90 days following the date that the Court enters the Preliminary Approval Order.

   c. Class Counsel shall file a motion for approval of attorneys' fees, costs, and expenses for an amount not to exceed Six Hundred Fifty-Six Thousand Dollars and Forty-Three Cents ($656,432.43) said fee to be paid exclusively from the Settlement Amount. Defendants agree not to object to that motion.

   d. The Parties will work together diligently and in good faith to obtain a Preliminary Approval Order. Any disputes that may arise between the Parties related to their efforts to obtain a Preliminary Approval Order, other than a denial of the motion

of Partial Vacatur as set forth in Paragraph 8 and the contingent nature of the settlement as set forth in Paragraph 9, shall be submitted to the Court.

e. If the Court denies the Preliminary Approval Motion, the Parties will work together, diligently and in good faith, to remedy any issues causing such denial and to seek reconsideration of the ruling or order denying approval and/or Court approval of a renegotiated settlement. If, despite the Parties' efforts, the Court continues to deny the Preliminary Approval Motion, the Motion to Vacate shall be withdrawn, and the action will resume as if no settlement had been attempted.

14. <u>Notice of Settlement</u>: Within ten (10) days of the Preliminary Approval Order being signed by the Court, Class Counsel shall mail a copy of the Notice of Settlement to each Class Member at their last known address via United States First Class Mail, postage prepaid. The return address on the envelopes shall reference the name and address of Class Counsel. The envelope shall indicate with a bold and conspicuous marking that the mailing relates to the settlement of claims in the "Sentosa Class Action."

a. In the event that a Notice of Settlement is returned to Class Counsel by the United States Postal Service with an updated address, Class Counsel shall re-mail the Notice to that updated address within two (2) days. Such Class Member shall be entitled to 15 days from the date of any subsequent mailing (but no less than the original 60 days) to file any objections to the settlement.

b. In the event that a Notice of Settlement is returned to Class Counsel by the United States Postal Service with no forwarding address, Class Counsel shall perform one (1) standard skip trace within five (5) days of the returned Notice in an effort to ascertain the updated address for the Class Member in question. If an updated address is ascertained, Class Counsel shall re-mail the Notice of Settlement to that updated address within two (2) days thereafter. Such Class Member shall be entitled to 15 days from the date of any subsequent mailing (but no less than the original 60 days) to file any objections to the settlement.

c. Within ten (10) days of the Preliminary Approval Order being signed by the Court, Class Counsel shall also email a copy of the Notice of Settlement to each Class Member for whom an email address is available. The subject of the email shall state "Court Authorized Notice: Sentosa Class Action Settlement." The body of the email shall read as follows: "You are receiving this email because you were identified as a current or former employee of Prompt Nursing Employment Agency LLC d/b/a Sentosa Services whose legal rights may be affected the settlement in Paguirigan v. Prompt Nursing Employment Agency LLC, et al., 1:17 Civ. 1302, in the United States District Court for the Eastern District of New York. The attached Notice contains important, time-sensitive information about your legal rights." There shall be no skip trace or further

affirmative steps taken to obtain an updated email address if the email address provided is not current or no email address is known.

15. <u>Objections and Fairness Hearing</u>: Any Class member who objects to the settlement (an "Objector") must fax, email or postmark a signed, written statement to Class Counsel stating that they object to the settlement, stating the reasons for their objection, and providing their full name, mailing address, email address, and telephone number (the "Objection"). Any reasons not included in the written Objection shall not be considered by the Court.

   a. Class Counsel shall promptly file any and all Objections with the Court. The Parties may file with the Court written responses to any filed Objections no later than seven (7) days before the Fairness Hearing.

   b. An Objector also has the right to appear at the Fairness Hearing either in person or through counsel retained by the Objector. An Objector who wishes to appear at the Fairness Hearing must clearly state his or her intention to do so in writing on his or her written Objection. It is in the Court's discretion whether to allow the Objector or the Objector's counsel to speak at the Fairness Hearing.

   c. An Objector may withdraw his or her Objection at any time.

   d. No later than fourteen (14) days before the Fairness Hearing, the Parties shall file a Joint and Unopposed Motion for Judgment and Final Approval. Prior to filing, Class Counsel shall provide draft documents in support of the Joint and Unopposed Motion for Judgment and Final Approval to Defendants' attorneys for review, comment and approval.

   e. At the Fairness Hearing, the Parties shall request that the Court enter an Order and Judgment approving the Agreement as fair, reasonable, adequate, final and binding on all Class members, and dismissing this action with prejudice.

   f. Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder. This Agreement shall not be effective or enforceable and no payments set forth in Paragraph 1 will be made hereunder unless and until the Agreement is approved by the Court. If the Court denies final approval of this Agreement, then the Motion to Vacate shall be withdrawn.

16. <u>Effective Date</u>: The Effective Date of this Agreement shall be the date on which the Court enters an Order granting final approval of the Agreement.

17. <u>Payment Date</u>: No later than thirty (30) days after the Effective Date, Defendants shall mail the settlement checks described in Paragraph 1 above directly to each Class member

7

identified on Schedule A at the last known addresses provided by Class Counsel, with the exception of the payment for attorneys' fees and costs, which Defendants shall send by wire transfer to a bank account that Class Counsel shall provide for The Howley Law Firm P.C., 1345 Avenue of the Americas, 2nd Floor, New York, New York 10105.

18. <u>Complete Agreement</u>: This Agreement constitutes the complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter hereof.

19. <u>Governing Law</u>: This Agreement shall be interpreted, enforced, and governed under the laws of the State of New York without regards to conflict of laws principles.

20. <u>Jurisdiction</u>: The Parties agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

21. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall serve as an original and all of which taken together shall constitute one and the same document. An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

22. <u>Authority to Execute Agreement</u>: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

ACCEPTED AND AGREED this 15th day of September, 2021, by:

_____  
ROSE ANN PAGUIRIGAN

_____  
PROMPT NURSING EMPLOYMENT  
AGENCY LLC  
By:_____

identified on Schedule A at the last known addresses provided by Class Counsel, with the exception of the payment for attorneys' fees and costs, which Defendants shall send by wire transfer to a bank account that Class Counsel shall provide for The Howley Law Firm P.C., 1345 Avenue of the Americas, 2nd Floor, New York, New York 10105.

18. **Complete Agreement**: This Agreement constitutes the complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter hereof.

19. **Governing Law**: This Agreement shall be interpreted, enforced, and governed under the laws of the State of New York without regards to conflict of laws principles.

20. **Jurisdiction**: The Parties agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arising out of this Agreement. By execution of this Agreement, each Party irrevocably and unconditionally: (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

21. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original and all of which taken together shall constitute one and the same document. An executed facsimile or email copy of this Agreement will have the same force and effect as the original.

22. **Authority to Execute Agreement**: The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

ACCEPTED AND AGREED this ____ day of September, 2021, by:


_____          PROMPT NURSING EMPLOYMENT
ROSE ANN PAGUIRIGAN                      AGENCY LLC
                                         By: _____

8

SENTOSACARE LLC
By: *Bent Philipson*

_____
BENT PHILIPSON

_____
FRANCRIS LUYUN

SPRING CREEK REHABILITATION
AND NURSING CENTER
By:_____

_____
BENJAMIN LANDA

_____
BERISH RUBENSTEIN

GOLDEN GATE REHABILITATION &
HEALTH CARE CENTER LLC
By:_____

_____  
SENTOSACARE LLC  
By: _____

_____  
BENJAMIN LANDA

_____  
BENT PHILIPSON

_____  
BERISH RUBENSTEIN

_____  
FRANCRIS LUYUN

_____  
GOLDEN GATE REHABILITATION &  
HEALTH CARE CENTER LLC  
By: _____**Benjamin Landa**_____

_____  
SPRING CREEK REHABILITATION  
AND NURSING CENTER  
By: _____**Benjamin Landa**_____

SENTOSACARE LLC  
By:_____

BENJAMIN LANDA

*[signature]*

BENT PHILIPSON

BERISH RUBENSTEIN

FRANCRIS LUYUN

GOLDEN GATE REHABILITATION &  
HEALTH CARE CENTER LLC  
By:_____

SPRING CREEK REHABILITATION  
AND NURSING CENTER  
By:_____

SENTOSACARE LLC  
By: _____

BENJAMIN LANDA

BENT PHILIPSON  
_[signature]_  
FRANCIS LUYUN

BERISH RUBENSTEIN

GOLDEN GATE REHABILITATION &  
HEALTH CARE CENTER LLC  
By: _____

SPRING CREEK REHABILITATION  
AND NURSING CENTER  
By: _____

# SCHEDULE A - SETTLEMENT PAYMENTS TO EACH CLASS MEMBER

| First Name | Last Name | Damages Awarded | 9% Interest Through 12/31/21 | Total Settlement Payment |
|---|---|---|---|---|
| Charity | Abamonga | $10,905.34 | $3,501.58 | $14,406.92 |
| Gloria | Agoto | $5,722.90 | $2,575.22 | $8,298.12 |
| Elizabeth | Almazan | $26,967.79 | $10,042.78 | $37,010.57 |
| Melanie | Alterado | $1,353.27 | $487.18 | $1,840.45 |
| Lerio | Alvarado | $18,645.16 | $6,778.81 | $25,423.97 |
| Lorna | Amindalan | $13,959.25 | $9,404.46 | $23,363.71 |
| Robin | Ancheta | $8,043.47 | $5,157.41 | $13,200.88 |
| Wilwen | Antigua | $11,479.15 | $4,048.71 | $15,527.86 |
| Ophelia | Arana | $11,109.39 | $3,677.17 | $14,786.56 |
| Melissa | Aranton | $23,413.32 | $9,976.59 | $33,389.91 |
| Charisse | Arca | $32,451.54 | $22,866.09 | $55,317.63 |
| Ivy Pearl | Arevalo | $10,214.99 | $3,179.80 | $13,394.79 |
| May | Asotigue | $12,386.00 | $5,573.79 | $17,959.79 |
| Michelle | Atayde | $33,870.75 | $22,166.78 | $56,037.53 |
| Sonia | Austria | $19,397.62 | $12,865.41 | $32,263.03 |
| Alexander | Bane | $13,579.60 | $6,110.82 | $19,690.42 |
| Hyacinth | Baraan | $29,372.22 | $16,047.67 | $45,419.89 |
| Diana | Bartolome | $1,441.20 | $389.18 | $1,830.38 |
| Joan | Basinal | $2,597.09 | $934.95 | $3,532.04 |
| Ryan | Bautista | $3,342.00 | $1,503.90 | $4,845.90 |
| Clarissa | Baylon | $2,434.08 | $876.27 | $3,310.35 |
| Redentor | Belvis | $2,785.55 | $1,253.50 | $4,039.05 |
| Vivian | Blanco | $1,741.16 | $626.82 | $2,367.98 |
| Ma. Charisma | Bolido | $1,211.58 | $436.16 | $1,647.74 |
| Michelle | Borra | $8,360.51 | $5,543.62 | $13,904.13 |
| Jackie | Budlong | $7,557.12 | $4,373.57 | $11,930.69 |
| Noemi | Budlong | $7,818.81 | $4,650.90 | $12,469.71 |
| Jaime | Buenaventura | $19,435.27 | $6,707.44 | $26,142.71 |
| Julius | Bugante | $40,853.35 | $22,904.77 | $63,758.12 |
| Jessica | Bunao | $11,471.00 | $8,006.28 | $19,477.28 |
| Charisse | Butanas | $11,050.00 | $6,961.50 | $18,011.50 |
| Roper | Caguan | $3,119.63 | $1,684.60 | $4,804.23 |
| Ma. Fatima | Caguete | $841.55 | $227.27 | $1,068.82 |
| Frederick | Calara | $32,479.50 | $20,665.56 | $53,145.06 |
| Mariano | Calimag | $5,257.10 | $1,892.63 | $7,149.73 |
| Shiela Marie | Caluag | $3,644.13 | $1,967.87 | $5,612.00 |
| Nur-Ainie | Calvi | $34,578.75 | $22,185.27 | $56,764.02 |

| First Name | Last Name | Amount 1 | Amount 2 | Total |
|---|---|---:|---:|---:|
| Rizalie Ann | Camacho | $5,910.84 | $1,595.99 | $7,506.83 |
| Bridelyn | Caoagas | $20,952.50 | $12,441.16 | $33,393.66 |
| Arlene | Carpio | $4,152.56 | $2,989.84 | $7,142.40 |
| Cecile | Carreon | $28,492.10 | $13,234.63 | $41,726.73 |
| Maria Theresa | Casado | $11,236.84 | $4,045.32 | $15,282.16 |
| Christine | Castro | $24,945.50 | $12,414.89 | $37,360.39 |
| Dymonde | Catiling | $3,025.75 | $1,089.27 | $4,115.02 |
| Lorie | Cedilla | $5,558.25 | $3,400.86 | $8,959.11 |
| Analyn | Chua | $8,716.09 | $6,275.58 | $14,991.67 |
| Jennifer A. | Chua | $1,906.38 | $857.87 | $2,764.25 |
| Mylyn | Clerigo | $28,345.66 | $9,630.38 | $37,976.04 |
| Darwin | Costales | $19,859.50 | $12,511.11 | $32,370.61 |
| Theresa | Cotaco | $39,155.50 | $21,631.55 | $60,787.05 |
| Maria Socorro | Cruz | $12,645.69 | $3,414.43 | $16,060.12 |
| Charie | Dagui | $16,435.86 | $6,126.70 | $22,562.56 |
| Germaine | Dano | $2,069.46 | $745.01 | $2,814.47 |
| Marian Ritz | De Los Reyes | $23,414.05 | $9,660.37 | $33,074.42 |
| Joanne R | Dela Rosa | $26,663.50 | $14,456.29 | $41,119.79 |
| Donald L | Doles | $23,715.17 | $8,608.07 | $32,323.24 |
| Everlyn C | Domingo | $10,259.62 | $6,033.77 | $16,293.39 |
| Luann M | Duterte | $39,933.00 | $22,924.33 | $62,857.33 |
| Vilma | Egina | $9,502.50 | $6,530.40 | $16,032.90 |
| Blossom | Engbino | $21,250.71 | $6,647.48 | $27,898.19 |
| Alvin | Flores | $28,320.50 | $18,418.05 | $46,738.55 |
| Wences | Fuertes | $17,540.39 | $5,447.70 | $22,988.09 |
| Primera | Gadia | $17,877.78 | $11,610.36 | $29,488.14 |
| Nathaniel | Galapon | $1,319.06 | $593.58 | $1,912.64 |
| Rogelio | Galliguez | $15,950.59 | $5,840.65 | $21,791.24 |
| Desiree | Gardon | $16,009.10 | $5,055.61 | $21,064.71 |
| Heidi | Giron | $16,533.00 | $13,919.49 | $30,452.49 |
| Tiffany | Go | $9,036.33 | $6,349.09 | $15,385.42 |
| Perciela B | Herrera | $1,743.25 | $784.46 | $2,527.71 |
| Mary Ann | Heyrana | $8,470.18 | $2,036.22 | $10,506.40 |
| Mary Mildred | Hontucan | $18,229.52 | $11,206.62 | $29,436.14 |
| Diala | Hular | $16,040.84 | $4,637.58 | $20,678.42 |
| Ronaldo | Ignacio | $2,158.74 | $777.14 | $2,935.88 |
| Irene | Imperial | $5,584.67 | $2,513.16 | $8,097.83 |
| Cynthia B | Ince | $2,206.32 | $1,191.30 | $3,397.62 |
| Sheila | Jordan | $1,444.18 | $519.98 | $1,964.16 |
| Ma. Ruth | Jose | $32,228.37 | $21,307.89 | $53,536.26 |
| Ernesto | Lagliba | $18,743.75 | $11,035.45 | $29,779.20 |
| Elenee | Largado | $28,772.25 | $16,143.64 | $44,915.89 |

| First Name | Last Name | Amount 1 | Amount 2 | Total |
|---|---|---:|---:|---:|
| Arch Knievel | Layumas | $19,893.45 | $6,049.14 | $25,942.59 |
| Hermie-Linda | Legaspi | $3,251.38 | $1,463.32 | $4,714.70 |
| Anna Maria | Leones | $14,505.27 | $9,138.32 | $23,643.59 |
| Kristina | Limjuco | $21,836.50 | $13,097.51 | $34,934.01 |
| Cherry | Llaneza | $34,486.15 | $23,435.42 | $57,921.57 |
| Jamie | Llarena | $19,245.50 | $12,639.99 | $31,885.49 |
| Rachen Ann | Loresto | $2,755.38 | $743.95 | $3,499.33 |
| Gladys T | Macanas | $8,081.29 | $1,719.87 | $9,801.16 |
| Arlyn | Manrique | $2,413.90 | $651.72 | $3,065.62 |
| Madelyn | Manuel | $7,286.43 | $2,388.96 | $9,675.39 |
| Mariel | Marcelo | $3,816.49 | $1,373.94 | $5,190.43 |
| Mark | Maristela | $16,658.24 | $6,956.60 | $23,614.84 |
| Maria Grace | Mimay | $2,588.36 | $1,397.66 | $3,986.02 |
| Ermelinda | Monderin | $2,880.75 | $1,296.25 | $4,177.00 |
| Armida | Nicolas | $4,183.23 | $1,882.48 | $6,065.71 |
| Marilou | Orlina | $383.88 | $214.29 | $598.17 |
| Margaret | Padernal | $13,513.00 | $6,680.94 | $20,193.94 |
| Rose Ann | Paguirigan | $10,263.13 | $4,611.15 | $14,874.28 |
| Irma | Pagulayan | $13,842.07 | $5,541.68 | $19,383.75 |
| Noreen | Paronda | $16,916.32 | $6,375.22 | $23,291.54 |
| Maria Ely | Perolino | $3,556.83 | $1,600.61 | $5,157.44 |
| Maria Isabel | Pintor | $15,824.41 | $4,949.31 | $20,773.72 |
| Cheryl Anne | Poe | $10,953.22 | $2,957.34 | $13,910.56 |
| Ma. Teresita | Purugganan | $20,162.50 | $6,237.96 | $26,400.46 |
| Leonila | Racraquin | $3,660.16 | $1,298.49 | $4,958.65 |
| Christie Rose | Ramos | $19,313.28 | $13,107.64 | $32,420.92 |
| Geraldine D | Ramos | $15,232.30 | $8,638.95 | $23,871.25 |
| Roselle | Santos | $5,503.23 | $1,941.01 | $7,444.24 |
| James | Soriano | $2,170.73 | $976.82 | $3,147.55 |
| Lelita | Suan | $911.31 | $328.07 | $1,239.38 |
| Kathleen | Sundo | $4,830.70 | $1,739.05 | $6,569.75 |
| Perix | Tabudlo Payne | $14,240.07 | $4,602.76 | $18,842.83 |
| Madel | Tagalog | $23,390.20 | $8,995.87 | $32,386.07 |
| Anna | Talento | $10,075.68 | $2,720.49 | $12,796.17 |
| Aleli | Turqueza | $4,648.21 | $1,583.09 | $6,231.30 |
| Jim | Untalan | $6,950.02 | $1,876.44 | $8,826.46 |
| Virgilio | Valencia | $19,569.14 | $6,126.97 | $25,696.11 |
| Evangeline | Valenzuela | $371.39 | $100.24 | $471.63 |
| Mark | Vetus | $10,572.93 | $4,696.40 | $15,269.33 |
| Maricar | Villarin | $7,468.35 | $2,457.03 | $9,925.38 |
| Amabelle | Yap | $4,970.42 | $2,684.07 | $7,654.49 |
| Melodee | Zamora | $4,677.00 | $2,285.16 | $6,962.16 |

| | | | |
|---|---:|---:|---:|
| SUB-TOTALS | $1,559,099.79 | $774,467.78 | $2,333,567.57 |
| Paguirigan Incentive Payment | $10,000.00 | $0.00 | $10,000.00 |
| **TOTALS** | **$1,569,099.79** | **$774,467.78** | **$2,343,567.57** |