UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROSE ANN PAGUIRIGAN, individually and
on behalf of all others similarly situated,      :     1:17 Civ. 1302 (NG) (CLP)

                            Plaintiff,            :

                          -vs-                   :

PROMPT NURSING EMPLOYMENT AGENCY       :
LLC d/b/a SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING        :
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a :
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH   :
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,     :

                        Defendants.           :
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION TO VACATE ORDER**

1

**PRELIMINARY STATEMENT**

Plaintiff Rose Ann Paguirigan ("Paguirigan") and defendants Prompt Nursing Employment Agency LLC d/b/a/ Sentosa Services, SentosaCare LLC ("Prompt"), Sentosa Nursing Recruitment Agency, Benjamin Landa, Bent Philipson, Berish Rubenstein a/k/a Barry Rubenstein, Francris Luyun, Golden Gate Rehabilitation & Health Care Center LLC, and Spring Creek Rehabilitation and Nursing Center (collectively "Defendants") jointly and respectfully request that this Court vacate (a) only that portion of the September 27, 2019 Partial Judgment [ECF No. 96] that relates to and found any violation of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589, *et seq.*, and the findings related to piercing the corporate veil against defendant Rubenstein; and (b) only that portion of the June 1, 2021 Damages Order [ECF No. 140] that found Defendants liable for compensatory damages and federal statutory interest for violations of the TVPA. The parties have agreed to a settlement of this action, subject to the limited vacatur set forth above. The proposed limited vacatur will facilitate that settlement as the settlement makes such vacatur a necessary condition of settlement.

**PROCEDURAL BACKGROUND**

On March 7, 2017, plaintiff Rose Ann Paguirigan filed a Class Action Complaint in this action alleging claims against Defendants for alleged violations of the TVPA and for breach of contract under New York law (ECF Dkt. No. 1).

On September 12, 2018, this Court entered an Order certifying a class comprised of "all nurses who were recruited by the defendants in the Philippines and were employed by the defendants in the United States at any time since December 23, 2008" (the "Class") and appointing John Howley, Esq. and Leandro B. Lachica, Esq. as Class Counsel (ECF Dkt. No.72).

On September 24, 2019, this Court issued an Opinion and Order granting in part and denying in part cross-motions for summary judgment and directing entry of a partial judgment (ECF Dkt. No. 95).

On September 27, 2019, a partial judgment was entered (a) as to liability on the breach of contract claims in favor of plaintiffs against defendants Prompt Nursing and Rubenstein; (b) as to liability on the TVPA claims in favor of plaintiffs against all Defendants; (c) declaring that the liquidated damages provisions in the employment contracts and confessions of judgment at issue are unenforceable; and (d) permanently enjoining Defendants from enforcing or attempting to enforce either (the "Partial Judgment") (ECF Dkt. No. 96).

Defendants appealed the Partial Judgment (ECF Dkt. No. 103).

The United States Court of Appeals for the Second Circuit: (1) affirmed this Court's declaration that the liquidated damages clause is unenforceable; (2) affirmed the injunction against its enforcement; but (3) specifically refused to consider any other issues on an interlocutory appeal including whether the Defendants violated the TVPA (ECF Dkt. No. 137).

On June 1, 2021, this Court issued an Opinion and Order awarding the plaintiffs: (1) $1,559,099.79 compensatory damages plus statutory interest at 9% against defendants Prompt and Rubenstein on the breach of contract claim; or (2) $1,559,099.79 in compensatory damages plus interest at the federal rate against all Defendants for violations of the TVPA; and (3) directing that plaintiffs' claims for punitive damages be determined by a jury (the "Damages Order") (ECF Dkt. No. 140).

The parties have subsequently agreed on the terms of a proposed settlement. One of the terms of the settlement conditions the settlement on this Court's vacatur of (a) only that portion of the September 27, 2019 Partial Judgment [ECF No. 96] that relates to and found any violation of the TVPA and the findings related to piercing the corporate veil against

defendant Rubenstein; and (b) only that portion of the June 1, 2021 Damages Order [ECF No. 140] that found Defendants liable for compensatory damages and federal statutory interest for violations of the TVPA.[1] Paguirigan and Defendants therefore file this joint motion in furtherance of the proposed settlement.

## **LEGAL STANDARD**

"Under Fed. R. Civ. P. 54(b), district courts are 'empowered to revisit and vacate . . . any non-final order "at any time before the entry of a judgment."'" *Export-Import Bank of Rep. of China v. Central Bank of Liberia*, 2017 WL 6398726, *3 (S.D.N.Y. Dec. 13, 2017) (quoting *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.,* 619 F.3d 207, 212 (2d Cir. 2010)). "The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacat[ur] of final judgments." *Persistence Software, Inc. v. The Object People, Inc.,* 200 F.R.D. 626, 627 (N.D. Cal. 2001); *cf. Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (even the more restrictive standard under Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice" and "should be liberally constructed when substantial justice will thus be served").

This Court has jurisdiction to vacate its prior order because a final judgment has not been entered, the matter is still before this Court and not on appeal. Moreover, those issues considered by the Second Circuit on the prior interlocutory appeal specifically did not include the issues being

---

[1] A motion for approval of the settlement is being submitted concurrently. Should the Court request additional information about the terms of the settlement, the parties request leave to file such information under seal solely for purposes of *in camera* review. *See Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (recognizing that "[t]hough there is a common law presumptive right of access to judicial documents, . . . access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts") (quotation marks omitted).

addressed by this motion to vacate. Thus, the Second Circuit has never considered the issues which the parties now seek to have vacated.

In addressing the timing, the United States District Court for the Eastern District of New York in *PHL Variable Ins. Co., v. Hersko*, 2012 U.S. Dist. LEXIS 205979, 2012 WL 13103132, at *3 (E.D.N.Y. Mar. 21, 2012), vacated a judgment to promote settlement under Rule 54 and found that even though summary judgment had been granted the order was not final in the absence of the entry of a sum certain as to damages. In the instant matter, not only has the court not found a sum certain as to all of the purported damages, only partial summary judgment has been granted.

## **ARGUMENT**

Vacatur which leads to the settlement of an action has been supported and encouraged by courts in the Eastern and Southern Districts of New York. *Hersko,* 2012 U.S. Dist. LEXIS 205979 at *7 ("By vacating the SJ order, the parties' settlement agreement can be effectuated, and the parties will spare themselves the expense of moving forward with this action."); *Holotouch, Inc. v. Microsoft Corp.,* 2018 U.S. Dist. LEXIS 241154, 2018 WL 11222930, (S.D.N.Y. July 17, 2018) ("[v]acatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest"); *Export-Import,* 2017 U.S. Dist. LEXIS 205068 at *9 ("The fact that both parties jointly moved for vacatur indicates that there is something mutually beneficial in settlement for both sides."); *IBM Credit Corp. v. United Home for Aged Hebrews,* 848 F. Supp. 495, 495-96 (S.D.N.Y. 1994); *Shron v. LendingClub Corp.*, 2020 U.S. Dist. LEXIS 223433 *2-3, 2020 WL 10223227 (". . .the interests of the parties are well-served by vacatur of the July Order . . . [and] [t]he public interest is served by conserving judicial resources, which settlement accomplishes").

5

The proposed limited vacatur in aid of the parties' settlement agreement here is appropriate under this standard because it would serve the parties' interests in resolving their dispute via settlement, the public interest in the facilitation of settlements, and the public interest in judicial economy. In particular, vacatur would save judicial resources that would otherwise be expended on this litigation both before this Court at trial and, potentially, before the Second Circuit.

It clearly serves the plaintiffs' interest as it results in payment, now, to the plaintiffs and removes any uncertainty. Further, even if the plaintiffs are ultimately successful, even in the absence of an appeal, trial is a long way off and plaintiffs are far from any recovery.

As to the public interest in settlement, the Second Circuit, like other federal courts, recognizes a strong judicial policy in favor of settlement. *See, e.g.*, *In re Tronox Inc.*, 855 F.3d 84,106 (2d Cir. 2017). "The public has an interest in courts 'encouraging parties to settle disputes' and aiding that process through vacatur when appropriate." *Rogue Wave Software, Inc. v. BTI Sys., Inc.*, 2018 LEXIS 212957, *17, 2018 WL 6920770, *6 (S.D.N.Y. Dec. 14, 2018) (quoting *Keller v. Mobil Corp.*, 55 F.3d 94, 98-99 (2d Cir. 1995)). Indeed, the Second Circuit has found vacatur appropriate even under the more demanding standard of Rule 60(b) that applies after final judgment, ruling that "exceptional circumstances" can call for vacating final decisions where needed to facilitate the parties' interest in settlement. *See Major League Baseball Props., Inc. v. Pac. Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998) (vacating decision below where "a vacatur of the district court's order and opinion was a necessary condition of settlement"); *see also Mattel, Inc. v. Goldberger Doll Mfg. Co.*, No. 04-6432 (2d Cir. Nov. 20, 2006) (finding exceptional circumstances warranting vacatur in order to facilitate settlement).

Turning to the interest in judicial economy, vacatur in aid of settlement would be particularly helpful in conserving judicial resources here. The parties face a lengthy trial on the

6

question of punitive damage and then a potentially complex appeal before the Second Circuit. Absent a settlement, the parties will need to proceed with both the trial and the appeal and potentially pursue further proceedings to the Supreme Court of the United States. In the interim, win or lose, the plaintiffs will not see any settlement funds. Accordingly, vacatur in aid of settlement would help conserve the time and resources that both this Court and the Second Circuit would otherwise have to devote to this dispute. As in other cases in which vacatur has been granted, "a settlement will greatly conserve judicial resources and time, as well as the parties'." *Export-Import*, LEXIS 205068 at *10.

No countervailing interest in maintaining the interlocutory Order outweighs these interests favoring vacatur. The parties seek to vacate interlocutory orders, not a final judgment adjudicating their rights. While the public has an interest in the efficient administration of justice and therefore in judicial finality, "the public interest in the finality of judgments would scarcely be implicated" by vacating an interlocutory order that was subject to appeal at the time it was vacated. *In re Take- Two Interactive Secs. Litig.*, 2008 WL 3884360, *1 (S.D.N.Y. Aug. 21, 2008) (vacating interlocutory discovery order in aid of settlement under the more demanding Rule 60(b) standard); *O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2016 WL 6997166, *5 (N.D. Cal. May 2, 2016) (vacating interlocutory order denying motion to compel arbitration in aid of settlement under Rule 54(b) standard).

Because the parties are able to resolve their ongoing dispute by settlement, subject to the proposed limited vacatur, the public policies in favor of settlement and judicial economy and the standards guiding this Court's decision of whether to vacate such a non-final order all strongly favor granting the parties' joint motion.

## **CONCLUSION**

The parties' respectfully request that the Court grant the parties' joint motion and vacate (a) only that portion of the September 27, 2019 Partial Judgment [ECF No. 96] that relates to and found any violation of the TVPA and the findings related to piercing the corporate veil against defendant Rubenstein; and (b) only that portion of the June 1, 2021 Damages Order [ECF No. 140] that found Defendants liable for compensatory damages and federal statutory interest for violations of the TVPA.

Dated: October 5, 2021

| THE HOWLEY LAW FIRM P.C | HAHN EISENBERGER PLLC |
|---|---|
| /s/ John J.P. Howley_____ | /s/ Elliot Hahn_____ |
| John J.P. Howley | Elliot Hahn |
| Leandro B. Lachica | Seth Eisenberger |
| 1345 6th Ave 2nd Floor | 969 East 27th Street |
| New York, NY 10105 | Brooklyn, NY 11210 |
| Tel: 212-601-2728 | Tel: 718-207-3453 |
| Fax: 347-603-1328 | Fax: 347-435-2148 |
| Email: Jhowley@johnhowleyesq.com | Email: Ehahn@hahneisenberger.Com |
| *Counsel for Plaintiff Class* | *Co-counsel for Defendants* |

LIPSIUS BENHAIM LAW, LLC

/s/ Ira S. Lipsius_____
Ira S. Lipsius
80-02 Kew Gardens Road
Kew Gardens, NY 11415
Tel: 212-981-8442
Email: iral@lipsiuslaw.com
*Co-counsel for Defendants*