UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROSE ANN PAGUIRIGAN, individually and
on behalf of all others similarly situated,                :

                              Plaintiff,          :     **ORDER**

                                 -vs-                :     1:17 Civ. 1302 (NG) (CLP)

PROMPT NURSING EMPLOYMENT AGENCY       :
LLC d/b/a SENTOSA SERVICES,
SENTOSACARE LLC, SENTOSA NURSING       :
RECRUITMENT AGENCY, BENJAMIN LANDA,
BENT PHILIPSON, BERISH RUBENSTEIN a/k/a :
BARRY RUBENSTEIN, FRANCIS LUYUN,
GOLDEN GATE REHABILITATION & HEALTH    :
CARE CENTER LLC, and SPRING CREEK
REHABILITATION AND NURSING CENTER,     :

                             Defendants.        :
---------------------------------------------------------------X

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**

Upon review and consideration of the Joint Motion of Plaintiff Rose Ann Paguirigan and Defendants Prompt Nursing Employment Agency LLC d/b/a/ Sentosa Services, SentosaCare LLC, Sentosa Nursing Recruitment Agency, Benjamin Landa, Bent Philipson, Berish Rubenstein a/k/a Barry Rubenstein, Francis Luyun, Golden Gate Rehabilitation & Health Care Center LLC, and Spring Creek Rehabilitation and Nursing Center for Preliminary Approval of Class Action Settlement and Approval of Proposed Notice of Settlement (Dkt. 144) (the "Joint Motion"), including the Settlement and Release attached as Exhibit 1 to the Declaration of John J.P. Howley dated October 4, 2021 (Dkt. 144-2) (the "Class Action Settlement") and the Revised Proposed Notice of Settlement (Dkt. 151-1) (the "Notice"), IT IS HEREBY ORDERED that:

Preliminary approval of the Class Action Settlement is GRANTED and the Notice is APPROVED.  I find that, upon review of the record, including the Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Action Settlement and Approval of Proposed Notice of Settlement (Dkt. 144-4) and the Class Action Settlement, that giving notice is justified by the parties' showing that I will likely be able to approve the Class Action Settlement under Rule 23(e)(2).  Having considered the factors contained in the text of Rule 23(e)(2), I will likely be able to find that the proposed settlement is fair, reasonable, and adequate.  I note that a class had already been certified, on September 12, 2018 (Dkt. 72), and I, therefore, do not need to determine whether giving notice is justified by the parties' showing that I will likely be able to certify the class for purposes of judgment on the proposal.  I further find that the form of the Notice, and the method of directing notice by email (or mail where the email is undeliverable) and by a post to the class action website, is a reasonable manner of directing notice that satisfies the requirements of Rule 23(e), and otherwise satisfies due process.

IT IS FURTHER ORDERED that:

1. Within ten (10) days of entry of this Order, Class Counsel shall email a copy of the Notice to each Class Member.  The subject of the email shall state "Court Authorized Notice: Sentosa Class Action Settlement."  The body of the email shall read as follows: "You are receiving this email and the attached Notice because you were identified as a current or former employee of Prompt Nursing Employment Agency LLC d/b/a Sentosa Services whose legal rights may be affected by the settlement in Paguirigan v. Prompt Nursing Employment Agency LLC, et al., 1:17 Civ. 1302, in the United States District Court for the Eastern District of New York.  The attached Notice contains important, time-sensitive information about your legal rights."

2. In the event that Class Counsel's email to a Class Member attaching a copy of the Notice is returned to Class Counsel as undeliverable, for example, because the email address is no longer in use, within ten (10) days of entry of this Order, Class Counsel shall mail a copy of the Notice to such Class Member at their last known address via United States First Class Mail, postage prepaid. The return address on the envelopes shall reference the name and address of Class Counsel. The envelopes shall indicate with a bold and conspicuous marking that the mailing relates to the settlement of claims in the "Sentosa Class Action."

3. Any Class Member for whom the email attaching a copy of the Notice is not returned as undeliverable or for whom the United States Postal Service ("USPS") does not return to Class Counsel the mailed copy of the Notice, shall be entitled to 60 days from the date on the Notice to email or mail any objection to the settlement.

4. In the event that the Notice is returned to Class Counsel by the USPS with an updated address, Class Counsel shall re-mail the Notice to that updated address within two (2) days. Such Class Member shall be entitled to 45 days from the date on the Notice to email or mail any objection to the settlement.

5. In the event that the Notice is returned to Class Counsel by the USPS with no forwarding address, Class Counsel shall perform one (1) standard skip trace within fifteen (15) days of the returned Notice in an effort to ascertain the updated address for the Class Member in question. If an updated address is ascertained, Class Counsel shall re-mail the Notice to that updated address within two (2) days. Such Class Member shall be entitled to 45 days from the date on the Notice to email or mail any objection to the settlement.

6. Within ten (10) days of entry of this Order, Class Counsel shall also cause the Notice to be posted on the website www.SentosaClassAction.com.

7. Class Counsel shall provide the court with a status letter by January 25, 2022, informing the court of the status of notification to Class Members, including whether any emails to Class Members attaching a copy of the Notice were returned to Class Counsel as undeliverable and, if so, the status of any subsequent mailings to such Class Members.

8. Class Counsel shall submit proof of notice to all Class Members to the court as part of their submission for final approval of the settlement.

9. A virtual Fairness Hearing will be held on February 22, 2022.  At the Fairness Hearing, the court will consider, (a) the fairness, reasonableness, and adequacy of the settlement and whether the settlement should be finally approved, including the proposed plan to allocate funds amongst Class Members, (b) whether the court should approve Class Counsels' application for attorney's fees and reimbursement of costs and expenses, (c) whether an incentive fee should be awarded to Ms. Paguirigan for serving as class representative, and (d) whether a final judgment should be entered terminating the litigation.  The Fairness Hearing may be rescheduled or continued; in this event, the court will furnish all counsel with appropriate notice.

10. If the date for the Fairness Hearing changes, Class Counsel must promptly inform all Class Members of the new Fairness Hearing date by email and post notice of the change to the website www.SentosaClassAction.com.

11. A Class Member must email or mail a statement of intention to speak at the Fairness Hearing by the same date that they would be required to email or mail an objection to the settlement.

12. Class Counsel shall promptly file all objections and statements of intention to speak with the court and send a receipt of such filing to the Class Member by email.

13. The parties may file with the court written responses to any objections no later than seven (7) days before the Fairness Hearing.

14. No later than fourteen (14) days before the Fairness Hearing, the Parties shall file a Joint and Unopposed Motion for Judgment and Final Approval.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

November 22, 2021
Brooklyn, New York