# Fwd: Objection to the settlement Paguirigan v. Prompt Nursing

Victor Joe <Victor_Joe@nyed.uscourts.gov>
Sat 2/12/2022 6:22 AM
To: John Howley <jhowley@johnhowleyesq.com>; Ira S. Lipsius <iral@lipsiuslaw.com>

📎 3 attachments (2 MB)
Sentosa Contract.pdf; Sentosa Declaration and Undertkaing.pdf; Sentosa Pay Stubs.pdf;

Good morning Mr. Howley.
Please file the following objection letter on ECF.
Regards,
Vic Joe

---

**From:** evita joy bello <evitajoybello@yahoo.com>
**Sent:** Friday, February 11, 2022 10:33 PM
**To:** Victor Joe
**Subject:** Objection to the settlement Paguirigan v. Prompt Nursing

**CAUTION - EXTERNAL:**

February 11, 2022

To:     Judge Nina Gershon

Thru:   Victor Joe
        Courtroom Deputy of Judge Gershon
        United States District Court for the Eastern District of New York
        <u>225 Cadman Plaza East</u>
        <u>Brooklyn, NY 11201</u>

Dear Honorable Judge Gershon,

Greetings to you and your staff!

This letter is in regards to my objection to the settlement in Paguirigan v. Prompt Nursing.

I am Evita Joy B. Rodriguez. I can be reached by phone at (626) 800-1551 and e-mail at evitajoybello@yahoo.com. My current address is <u>211 N Huntington Ave, Apt 2, Monterey Park, CA 91754</u>.

I was employed as a Registered Nurse at Woodmere Rehabilitation and Health Care Center from August 2012 to August 2015. During said employment, I was under contract with Sentosa Recruitment Agency, which later became Prompt Nursing Services. Sentosa facilitated my immigration to the United States of America through an employer-sponsored petition. The contract required me to complete at least three years of service on their terms, or pay a corresponding penalty to buyout. I chose the former and dutifully finished three years with them.

In November 2021, I came to know about this class action against Sentosa and the proposed settlement through former colleagues at Woodmere. I was surprised to learn that I am not included in the settlement, while most of my former colleagues are. I believe we had the same circumstances during that time. We were under similar contracts. We had similar terms of employment and length of service. They are included in the settlement, while I am not. A number of former colleagues were also left out. I found out later that the list submitted to the court was prepared by Prompt Nursing and that it is seemingly a random selection. I believe that they did not submit the list in its entirety to the court for review. This has resulted in many exclusions. I strongly believe that I was unjustly omitted from the list, and that I should also receive compensation under the terms of the settlement.

On November 29, 2021, I reached out to Counsel Howley to determine the possibility of inclusion to the class action. He requested for documents, which I submitted. I was advised later on that my contract was not included in the settlement. I have lost hope on this case after the advice of the counsel. Then, I learned from former colleagues of the possibility to voice objection and plea directly to the court. This has given me renewed hope for fairness.

It is my fervent prayer to be included in the settlement and receive commensurate compensation. I appeal to you and the honorable court to rectify this injustice.

Please find pertinent documents as attachments to this email.

Thank you and more power to you and your staff.

Sincerely yours,


Evita Joy B. Rodriguez


**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.



**Fort Tryon Center for Rehabilitation & Nursing**

"Celebrate the Gift of Aging"

April 3, 2012

Dear U.S. Consul:

I hereby affirm that the employment position of REGISTERED NURSE, is still available and has been offered to Evita Joy Bello-Rodriguez.

Sincerely,

FORT TRYON REHABILITATION &
HEALTH CARE FACILITY, LLC

By: _____
Helen Webster, Managing Member

Affirmed to before me this
3rd day of April, 2012.

_____
Notary Public

Jessica M. Seidman
Notary Public, State of New York
No. 02SE4862547
Qualified in Nassau County
Commission Expires May 27, 2014

801 West 190 Street, New York 10040    tel: (212) 543-6400    fax: (212) 543-6417



**Fort Tryon Center for Rehabilitation & Nursing**

"Celebrate the Gift of Aging"

**NOTE :**

1) As per requested, starting salary is Seven Hundred Eighty Seven Dollars & Fifty Cents ($787.50) per week.

2) Single Medical Coverage

3) Other compensation stipulated in the Contract

4) Attached contract

801 West 190 Street, New York 10040     tel: (212) 543-6400     fax: (212) 543-641⁻

# VISA SPONSORSHIP AND MASTER EMPLOYMENT AGREEMENT

**THIS EMPLOYMENT AGREEMENT** is hereby made this 3rd day of April 2012 by and between **Fort Tryon Rehabilitation & Health Care Facility, LLC**, a skilled nursing facility licensed under Article 28 of the Public Health Law, with its principal place of business at 801 West 190 Street, New York, New York 10040 (hereinafter referred to as "Employer") and **Evita Joy Rodriguez**, a licensed Registered Nurse and current resident of No. 19 Lovino Street, Magacan, Sanchez, Mira, Cagayan, Philippines, (hereinafter referred to as "Employee"). Collectively, Employer and Employee shall be referred to as the "Parties." This Employment Agreement shall hereinafter be referred to as the "Agreement."

## WITNESSETH:



WHEREAS, Employer is a skilled nursing facility (the "Facility"); and,

WHEREAS, It has determined that there is a national shortage of nurses; and,

WHEREAS, Employer has determined that as a result of said shortage, it must recruit nurses outside of the United States; and,

WHEREAS, Employee is a Registered Nurse from the Philippines and is eligible to take the New York State Department of Education licensing exam to be certified as a Registered Professional Nurse; and,

WHEREAS, Employee has documented that he/she has passed the certifying exam of the Commission of Graduate Foreign Nursing Schools (CGFNS) and/or New York State License and has obtained a VISA SCREEN certificate from the International Commission on Healthcare Professions (ICHP); and,

WHEREAS, Employer desires to employ nurses to provide nursing services to residents/patients and therefore wishes to induce Employee to relocate to the State of New York to practice nursing.

1

**EMPLOYER AND EMPLOYEE DO HEREBY AGREE AS FOLLOWS:**

I. **Preambles**

The preambles set forth above are incorporated herein and made a part hereof as though set forth at length.

II. **Job Duties and Requirements**

1. The Employer and/or its designee/assignee agree to employ the Employee in accordance with the terms of the Agreement as a Registered Nurse and the Employee agrees to accept such employment.

2. The Employer and/or its designee/assignee shall provide Employee with temporary housing for up to two (2) months after which the Employee shall be responsible for his/her own shelter.

3. Employee has obtained and shall maintain a Visa Screen Certificate from the Commission of Graduate Foreign Nursing Schools (CGFNS) and as soon as practicable obtain and maintain an unrestricted license to practice nursing in the State of New York.



4. Employee understands and agrees that he/she will perform the job duties generally described as follows: provide general nursing care to residents/patients in a skilled nursing facility; administer prescribed medications and treatments in accordance with approved nursing techniques; prepare equipment and aid physician during treatments and examinations of residents/patients; observe resident/patient, record significant conditions and reactions, and notify supervisor or physician of patient's condition and reaction to drugs, treatments, and significant incidents; take temperature, pulse, blood pressure, and other vital signs to detect deviations from the normal and assess condition of resident/patient. Employee further understands and agrees that he/she may also be required to make beds, bathe, and feed patients and shall supervise certified nurses aids and Licensed Practical Nurses in the performance of their duties and shall perform such other duties associated with the job of a Registered Professional Nurse, as may be assigned to him/her by the Employer and/or its designee/assignee.

5. Employee agrees to devote his/her professional efforts in the full time practice of nursing exclusively for the interest of the Employer subject to Employer's right to assign this Agreement. Employee shall devote his/her utmost knowledge and best skill to the care of such residents/patients entrusted to him/her. Employee shall conduct himself/herself in strict conformance to the principals of medical/nursing ethics and standards of the nursing profession and its governing bodies. Employee

shall keep and maintain records relating to all professional services rendered by him/her during the term of the Agreement in compliance with the policies and procedures of the nursing home and state and federal laws and regulations.

6. Provided the Employee obtains prior written consent, as per Article VII of this Agreement, Employee, during the Employment Term of this Agreement, can engage in the practice of Nursing, or in any other occupation, for any other company, facility, hospital, entity or private individual, as long as his/her schedule will not conflict with his/her primary work with herein Employer or Employer's designee/assignee and does not jeopardize Employee's ability to perform his/her primary work.

7. Employee agrees to comply with all policies, standards, and procedures of Employer and/or its designee/assignee which shall, from time to time, be reasonably promulgated.

8. Employee shall provide to the Employer and/or its designee/assignee written notice of any alleged breach of this Agreement and Employer and/or its designee/assignee shall have such thirty (30) days of such notice to allow the Employer and/or its designee/assignee to cure such alleged breach.



### III. Term

This Agreement shall be effective as of the date set forth above ("Effective Date"). From the Commencement Date (as hereinafter defined), this Agreement shall continue thereafter for a period of three (3) years unless earlier terminated in accordance with the terms and conditions of this Agreement ("Employment Term"). The Commencement Date shall mean the date when Employee first starts to provide direct nursing care to residents/patients after completing the orientation and training as provided in Article IV. The Agreement may be extended in accordance with the mutual agreement of the Parties.

### IV. Wages, Hours, Work Days and Benefits

1. As of the Commencement Date, Employee will be paid a base salary in accordance with the prevailing wage for the geographic area in which the employee is assigned to work, as determined by the National Prevailing Wage and Helpdesk Center (NPWC) of the United States Department of Labor.
2. From the Start of Employment and continuing thereafter for a period of four (4) weeks, Employee shall attend further orientation and "hands on" training for which Employee shall be compensated at the rate of twelve dollars (US $12.00) dollars per hour should the Employer and/or its designee/assignee determine such further orientation and/or training is needed.

3. Employee agrees to work on a full time basis for and on behalf of Employer or Employer's designee/assignee under the general direction of Employer or Employer's designee/assignee, pursuant to a work schedule established at the sole discretion of Employer and/or Employer's designee/assignee.

4. All compensation paid to Employee by Employer and/or its designee/assignee shall be subject to the customary withholding and employment taxes as required by law.

5. Employee will be granted uninterrupted meal periods as required by State and local law.

6. Employees will be subject to performance reviews on an annual basis.

7. Employee understands and agrees that inasmuch as care is provided to patients/residents twenty-four (24) hours per day, seven (7) days per week, Employee may be required scheduled to work on a holiday, in which case the Employee will be paid 1.5 times their regular rate.

8. Employee will be provided with health insurance covering Employee (single coverage) at no cost to Employee.

9. Overtime will be paid after completion of the 40 hours of paid work in a week at 1.5 times the Employee's regular rate, as required by the appropriate Federal, State and/or local wage statutes.



10. Employee shall be granted up to two weeks of unpaid leave per year, to be scheduled in advance. In addition, Employee will be allowed reasonable unpaid leave, if needed, for employee illness.

V. **Employer Responsibilities**

1. Employer and/or employer's designee/assignee shall take all necessary steps to sponsor the Employee as a Registered Nurse in order to obtain an immigrant visa for the Employee to enter the United States to be employed as contemplated herein.

2. Employer and/or its designee/assignee shall furnish to Employee all of the necessary equipment, facilities, and supplies for Employee to practice nursing, together with appropriate assistance from trained technicians, doctors, or office staff. The cost of providing these support services shall be borne solely by Employer and/or its designee/assignee. However, it is understood and agreed by Employee and Employer and/or its designee/assignee that all instruments and equipment furnished to or for Employee by Employer and/or its designee/assignee

shall at all times remain the property of Employer and/or its designee/assignee. Employer and/or its designee/assignee shall exercise direction over and give support to Employee in regard to standards, policies, record keeping, and treatment procedures. During the Employment Term, Employer and/or its designee/assignee shall, at their expense, obtain and maintain professional malpractice insurance to cover liabilities of Employee resulting from the practice of nursing by Employee on behalf of Employer and/or its designee/assignee.

3. In the event of death of the Employee during the terms of this agreement, his remains and personal belongings shall be repatriated to the Philippines at the expense of the Employer and/or Employer's designee/assignee, if the Employee's next of kin so desires. In case the repatriation of remains is not possible, the same may be disposed of upon prior approval of the Employee's next of kin and / or by the Philippine Embassy / Consulate nearest the jobsite.

## VI. Termination

1. This Agreement can be terminated at any time by Employer and/or its designee/assignee upon thirty (30) days advance notice in writing to the Employee.

2. This Agreement can be terminated immediately by the Employer and/or its designee/assignee upon the occurrence of any of the following and subject to the restrictive covenant and/or appropriate sanctions in accordance with the law of New York:

    i. Employee willfully or intentionally undertakes or commits any conduct that is harmful to Employer's practice or reputation;

    ii. Breach of any term or condition of this Agreement as determined by Employer and/or its designee/assignee, which shall include, but not be limited to, Employee's failure or refusal to comply with the reasonable directions, policies, standards and regulations that Employer and/or its designee/assignee may establish from time to time;

    iii. Termination without cause may be invoked should the facility at which the Employee is performing his/her services be scheduled for up-fitting and refurbishing, scheduled for shutdown due to budget crisis or new Federal Healthcare guidelines (including but not limited to the Patient Protection and Affordable Care Act) or in the event of a natural or manmade disaster. In such event, the Employer and/or its designee/assignee will make every effort to re-locate Employee to a new facility whereby the Employee will be able to fill a vacancy. This condition is necessary as a result of the



    current disaster and terrorist threat climate. Employee will be paid all monies due him/her as prescribed by Federal, State and local statutes.

   iv. In the event the Employee becomes incapable of performing the essential functions of his/her position due to illness or injury for a period in excess of 8 weeks or the minimum proscribed by law. Employee must provide medical documentation to support any claim of illness or injury and may, in the Employer's and/or its designee's/assignee's discretion, be subject to examination by a medical professional of the Employer's choosing.

3. The Employee can terminate this Contract if the Employer and/or its designee/assignee, after being informed by written notice of any alleged breach of this Agreement, fails to cure the alleged breach after thirty (30) days of such notice as stated in Article II. 8. above.

4. An Employee may terminate without just cause the employee-employer relationship at least one (1) month in advance, subject to the provisions under Article VII, Section 4 and 4(a), below. The Employer and/or its designee/assignee upon whom no such notice was served may hold the Employee liable for damages, as set forth below in Article VII, Section 4(a).

5. An Employee may put an end to the relationship without serving any notice on the Employer and/or its designee/assignee for any of the following just cause:

  (i) Serious insult by the Employer, Employer's designee/assignee or their representatives on the person of the Employee;
  (ii) Inhuman and unbearable treatment accorded the Employee by the Employer, Employer's designee/assignee or their representatives;
  (iii) Commission of a crime or offense by the Employer, Employer's designee/assignee or their representatives against the Employee or any of the immediate members of his/her family; and
  (iv) Other causes analogous to any of the foregoing.



## VII. Restrictive Covenant

1. Recognizing that the Employer and/or its designee/assignee has devoted considerable time, energy and expense in sponsoring, training and orienting the Employee, Employee irrevocably covenants and agrees that commencing from the Effective Date through and including the Employment Term and any extension or renewal term thereof, Employee shall not, except upon the prior written consent of Employer and/or its designee/assignee:

6

    (i) take any action whatsoever which is likely to disturb or interfere or in fact disturbs or interferes with the existing relationship of the Employer or its designee/assignee with any resident/patient, employee, hospital, health care provider or other third party; and

    (ii) either directly or indirectly, within the five (5) boroughs of New York City, Suffolk County and/or Nassau County, practice nursing (whether as an employee, independent contractor, shareholder, partner, or otherwise) in a hospital or skilled nursing facility licensed under Article 28 of the New York Public Health Law and/or a home health care program or agency licensed under Article 36 of the New York Public Health Law.

2. Employee acknowledges that all restrictions contained in this Employment Agreement are a reasonable and necessary protection of the legitimate interests of the Employer and/or its designee/assignee, and that any violation of these restrictions would cause substantial irreparable and continuing injury to the Employer and/or its designee/assignee, that these restrictions shall not unreasonably affect Employee's ability to practice nursing and that the Employer would not have entered into this Employment Agreement without receiving the additional consideration offered by Employee binding him/her to these restrictions. In the event of any violation of these restrictions, the Employee acknowledges and agrees that the Employer and/or its designee/assignee shall be entitled to preliminary and permanent injunctive relief (without the necessity of securing a bond). If Employee violates these restrictions and the Employer and/or its designee/assignee brings legal action for injunctive relief, the Employer and/or its designee/assignee shall not be deprived of the benefit of the full duration of the restriction as a result of the time involved in obtaining the relief. Accordingly, the restrictions set forth herein, shall be deemed to have the duration specified herein, computed from the date the relief is granted but reduced by the time between the period when the restriction began to run and the date of the first violation of the covenant by Employee. Nothing herein shall be construed as prohibiting Employer and/or its designee/assignee from pursuing any other remedies available to the Employer and/or its designee/assignee for such violations, including the recovery of damages from Employee. 

3. If any court shall determine that the duration or scope of any restriction contained in this Article VII, is unenforceable, it is the intention of the parties that the restrictive covenant set forth herein shall not thereby be terminated, but shall be deemed amended to the extent required to render it valid and enforceable. The provisions of this Article VII shall survive the termination of Employee's employment hereunder.

4. Both the Employer and Employee agree that the Employer and/or its designee/assignee has or will incur substantial expenses and has or will expend enormous resources and time in recruiting the Employee for employment as

contemplated herein, sponsoring the Employee for an Immigrant Visa, training the Employee in practice and procedures, and orienting the Employee to living in the New York area. In as much as the parties agree that damages would be difficult to calculate if the Employee willfully, voluntarily, and without cause terminates the Agreement before the completion of the three (3) year term, and/or if the Employer terminated the Agreement pursuant to Article VI(2)(i) or (ii), the parties agree that such an act shall result in an obligation by the Employee to pay the Employer and/or its designee/assignee as liquidated damages calculated in accordance with Article VII, paragraph 4(a) below (the "Liquidated Damage"). In order to secure Employee's performance of the Employment Term, concurrently with the execution of this Agreement, Employee shall deliver to Employer and/or its designee/assignee, as the case may be, a Confession of Judgment, substantially in the form attached hereto as Exhibit I, which form shall be satisfactory for filing in the New York State Supreme Court, Nassau County, in an amount equal to the total amount of the Liquidated Damage, to be held by the Employer and/or its designee/assignee during the Employment Term. Employee understands and agrees that in the event that he/she fails to complete the Employment Term in accordance with this Agreement, the Employer and/or its designee/assignee, as the case may be, shall be authorized to file the Confession of Judgment in the applicable jurisdiction. Employer and/or its designee/assignee agree not to file such Confession of Judgment unless Employee fails to complete the Employment Term. Employee shall pay upon demand all reasonable costs and expenses (including attorney's fees), and disbursements) incurred by the Employer and/or its designee/assignee to enforce any rights of the Employer and/or its designee/assignee hereunder and/or collect the aforementioned liquidated damages.



(a) The afore-cited Liquidated Damages of in case of pre-termination of employment/breach of contract within the three (3) year period shall be computed as follows:

Within Year 1- the liquidated damages is $25,000.00
Within Year 2- the liquidated damages is $16,666.67
Within Year 3- the liquidated damages is $ 8,333.34

Upon completion of employment contract the Employee is released of any Liquidated Damages or the amount will be zero.

Unpaid Liquidated Damages will bear an interest rate at the prevailing bank rate, but will be capped not to exceed 9% per annum

VIII. **Miscellaneous**

1. This Agreement shall be interpreted, construed and enforced pursuant to and in

8

accordance with the laws of the State of New York. Further, it is also recognized and acknowledged by the parties that the Fair Labor Standards Act (FLSA), a federal statute of the United States of America, is the basic law that requires employers to pay their employees an established minimum wage, as well as overtime compensation. The employer's payment of wages is given in exchange for "work" done by an employee, hence, the FLSA doesn't require employers to pay employees for time not worked, such as vacations, sick leave or holidays (regardless of whether they're federal or state holidays).

2. Whenever the context hereof requires, the gender of all words shall include the masculine, feminine, and neutral and the number of all words shall include the singular and plural.

3. The Agreement and amendments thereto shall be in writing and executed in multiple copies. Each multiple copy shall be deemed an original, but all multiple copies shall constitute one and the same instrument.

4. Any Notice, Demand or Communication required, permitted or desired to be given hereunder shall be deemed effectively given when personally delivered or mailed by prepaid certified mail, return receipt requested, addressed as follows:

**To Employee:**
Evita Joy Rodriguez
No. 19 Lovino Street
Magacan, Sanchez, Mira
Cagayan, Philippines

**To Employer and/or its designee/assignee:**
Fort Tryon Rehabilitation & Health Care Facility, LLC
801 West 190 Street
New York, NY 10040
United States of America

Either party may designate a new future address in New York, or to the attention of such other person(s) or officer(s) as either party may designate by written notice to the other party. Further, Employee shall at all times keep Employer and/or its designee/assignee notified of his/her home address and home telephone number.

5. The waiver by either party of a breach or violation of any provision of the Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision hereof.
6. The provisions of the Agreement shall be self-operative and shall not require further Agreement by the parties; provided however, each party shall, at the request of the other, execute such additional instruments and take such additional acts as may be necessary to effectuate the Agreement.
7. The Agreement supersedes all previous employment contracts and constitutes the entire agreement between the parties.

8. Employer has the right, in its sole discretion, to designate or assign this Agreement to another facility or nursing agency or to transfer the Employee to another nursing facility provided said facility or agency ("assignee") assumes all the obligations of the Employer for the term of the Agreement, including, but not limited to the obligation to provide the Employee with full-time employment and to pay the Employee the prevailing wage for the geographic area where the Employee is assigned. In the event Employer designates or assigns its rights hereunder to another facility or nursing agency in accordance herewith, the Employee hereby releases Employer from all liability and all obligations under this Agreement and Employee hereby agrees that should Employee seek to enforce any rights or remedies he/she has hereunder, Employee shall seek such enforcement and/or redress solely as against Employer's designee and/or assignee.

IN WITNESS WHEREOF, the parties have executed the Agreement in multiple originals as of the date above written.

For Employee: _____
Evita Joy Rodriguez

Date: JUNE 22 ,2012

For Employer: _____

Date: Apl 3 ,2012

Doc no. 717
Acc no. 42
Book no. VII
Series of 2012

ATTY. ALVIN A. CARULLO
NOTARY PUBLIC FOR PASIG CITY
Until 31 December 2012
Appointment No. 114 (2011-2012)
Roll No. 48458
PTR No. 6641728 / 01-05-11 / Pasig City
IBP Lifetime Member No. 03773 / RSM
1609 Jollibee Plaza F. Ortigas, Jr. Road
Ortigas Center, Pasig City

10

## DECLARATION AND UNDERTAKING

KNOW ALL MEN BY THESE PRESENTS:

That, WHEREAS, I, **EVITA JOY BELLO - RODRIGUEZ**, Filipino, married, of legal age, with residence at No. 19 Ilovino Street, Magacan, Sanchez, Mira, Cagayan, Philippines applicant for Job Employment with **SENTOSA CARE LLC**, with business address at 20 Franklin Place, Woodmere, NY 11598, do hereby acknowledge that **SENTOSA CARE LLC** through **SENTOSA RECRUITMENT AGENCY** with office address at 1810, Jollibee Plaza Bldg., Emerald Avenue, Ortigas Center, 1600 Pasig City paid the following fees in connection with my application for employment:

| # | Item | Amount |
|---|---|---|
| 1. | LAWYER'S FEE | US$ 1,500.00 |
| 2. | FILING FEE | US$ 195.00 |
| 3. | VISA FEE | US$ 380.00 |
| 4. | N.Y. VERIFICATION | US$ 275.00 |
| 5. | CGFNS VISA SCREEN | US$ 325.00 |
| 6. | MISCELLANEOUS | US$ 250.00 |
| 7. | NYSED NURSE FORM 1 | US$ 135.00 |
| 8. | NCLEX EXAM (ATT) | US$ 200.00 |
| 9. | NCLEX EXAM (scheduling) | US$ |
| 10. | NCLEX EXAM (quick result) | US$ |
| 11. | NYSED FORM1 (LPN) | US$ |
| 12. | NYSED FORM 5 (LPN) | US$ |
| 13. | MEDICAL FEE | US$ |
| 14. | AIRFARE | US$ |

That the above amounts were solely paid by SENTOSA RECRUITMENT AGENCY in connection with my application for employment.

IN WITNESS WHEREOF, I have hereunto set my hand at the City of Pasig, Philippines, this ___ day of FEB 13 2012, 2012.

_____
Applicant
Philippine Passport No. EB2290270
Issued on 04-27-2011 and valid until 04-26-2016
Issued at Philippine Consulate General, DFA Manila

**WITNESSES**

MARIE VERMO LEDNAR            JAMMAN J. MAINING

### ACKNOWLEDGMENT

REPUBLIC OF THE PHILIPPINES)
Pasig City                    ) S.S.

BEFORE ME, a Notary Public for and in the City of Pasig, Philippines personally appeared EVITA JOY B. RODRIGUEZ showing to me her Passport indicated above, known to me and to me known to be the same person who executed the foregoing and acknowledged to me that the same is her own free and voluntary act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and seal this FEB 13 2012 day of ___ 2012 at the City of Pasig.

Doc. No. 435
Page No. 90
Book No. 01
Series of 2012

ATTY. ALVIN A. CARULLO
NOTARY PUBLIC FOR PASIG CITY
Until 31 December 2012
Appointment No. 114 (2011-2012)
Roll No. 48453
PTR No. 2641725 / 01-05-11 / Pasig City

# VOLUNTARY UNDERTAKING, AUTHORIZATION AND ACKNOWLEDGMENT

KNOW ALL MEN BY THESE PRESENTS:

I, **Evita Joy Bello Rodriguez,** Filipino, of legal age, married, with postal address at No. 19 Lovino Street Magacan, Sanches Mira, Cagayan, Philippines, to do hereby voluntarily undertake and authorize my Employer/Petitioner **Fort Tryon Center for Rehabilitation and Nursing** to do the following acts in connection with my Employment Contract:

"That my Petitioner/Employer has the right at its sole discretion to assign my Employment Contract/Agreement to any **Affiliated Facility.** For the purposes herein, "Affiliated Facility" shall mean any Facility controlled by or under common control or ownership with the Employer, including, without limitation: (i) **a parent company**; (ii) **a subsidiary**; and/or (iii) **any facility for which the parent or subsidiary provides services and/or provides nursing staff.** For purposes of this definition, "control" when used with respect to any specified person, means the power to direct the management and policies of such person, directly or indirectly, whether through the ownership of voting securities, by contract or otherwise; and the terms "controlling" and "controlled" have meanings correlative to the foregoing."

I further state that I have no objection for any transfer of facilities or working place within the State of New York.

I likewise acknowledge that I am not allowed to work at any facility as a Registered Nurse of the State of New York until I have my **Social Security No. and License or Limited Permit issued by the appropriate government agency in the State of New York.**

I further manifest that this VOLUNTARY UNDERTAKING, AUTHORIZATION AND ACKNOWLEDGMENT have been thoroughly read and understood by me and this is executed for whatever purpose/s it may serve best for all intended parties.

IN WITNESS WHEREOF, I have hereunto set my hand at Pasig City, on this FEB 1 3 2012 th day of

**Evita Joy Bello Rodriguez**
Philippine Passport No. EB2290270
Issued on : April 27, 2011
Issued at : DFA - Manila

SUBSCRIBED AND SWORN to before me this th day of FEB 1 3 2012 at Pasig City, affiant exhibited to me her Philippine Passport indicated below her name and signature.

ATTY. ALVIN A. CARULLO
NOTARY PUBLIC FOR PASIG CITY
Until 31 December 2012
Appointment No. 414 (2011-2012)
Roll No. 49466
PTR No. [illegible] / 01-05-11 / Pasig City
IBP Lifetime Member No. 09776 / R-3
1609 Jumrio Plaza F. Ortigas Jr. Road
Ortigas Center, Pasig City

Doc. No. 434
Page No. 90
Book No. VI
Series of 2012.

**SENTOSA SERVICES**
951 Broadway, Woodmere, NY 11598

**WOODMERE REHABILITATION & HEALTHCARE CENTER**

| NAME | | | | STATUS | # OF DEP | SOCIAL SECURITY | | EMPL # | CHECK # | PAY DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| RODRIGUEZ, EVITA JOY | | | | M | 1 | | | 3235108 | 103705 | 8/12/2015 |
| STATEMENT OF EARNINGS | | | | TAXES AND DEDUCTIONS | | | | | | |
| DESCRIPTION | Reg Hrs | OT Hrs | Gross Wages | DESCRIPTION | AMOUNT | YEAR TO DATE | DESCRIPTION | AMOUNT | YEAR TO DATE | |
| Reg | 22.40 | 0.00 | $694.40 | NYDisabE | $0.60 | $11.40 | | | | |
| ShiftDiff | 21.00 | 0.00 | $45.57 | NYIncTax | $30.30 | $711.82 | | | | |
| | | | | FedIncTax | $56.91 | $1,407.19 | | | | |
| | | | | EFica | $45.87 | $1,001.32 | | | | |
| | | | | EMed | $10.73 | $234.18 | | | | |
| | | | | EmedSup | $0.00 | $0.00 | | | | |
| REG RATE | OT RATE | TOTAL PAY | | YTD TOTAL PAY | PAY PERIOD | | TOTAL DEDUCTIONS | | NET PAY | |
| $31.00 | $46.50 | $739.97 | | $16,150.39 | 8/8/2015 | | $144.41 | | $595.56 | |

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

**SENTOSA SERVICES**
951 Broadway, Woodmere, NY 11598

**WOODMERE REHABILITATION & HEALTHCARE CENTER**

| NAME | | | | STATUS | # OF DEP | SOCIAL SECURITY | | EMPL # | CHECK # | PAY DATE |
|---|---|---|---|---|---|---|---|---|---|---|
| RODRIGUEZ, EVITA JOY | | | | M | 1 | | | 3235108 | 103507 | 8/5/2015 |
| STATEMENT OF EARNINGS | | | | TAXES AND DEDUCTIONS | | | | | | |
| DESCRIPTION | Reg Hrs | OT Hrs | Gross Wages | DESCRIPTION | AMOUNT | YEAR TO DATE | DESCRIPTION | AMOUNT | YEAR TO DATE | |
| Reg | 20.80 | 0.00 | $644.80 | NYDisabE | $0.60 | $10.80 | | | | |
| ShiftDiff | 20.00 | 0.00 | $43.40 | NYIncTax | $68.96 | $681.52 | | | | |
| Brvmnt | 21.00 | 0.00 | $651.00 | FedIncTax | $146.79 | $1,350.28 | | | | |
| | | | | EFica | $83.03 | $955.45 | | | | |
| | | | | EMed | $19.42 | $223.45 | | | | |
| | | | | EmedSup | $0.00 | $0.00 | | | | |
| REG RATE | OT RATE | TOTAL PAY | | YTD TOTAL PAY | PAY PERIOD | | TOTAL DEDUCTIONS | | NET PAY | |
| $31.00 | $46.50 | $1,339.20 | | $15,410.42 | 8/1/2015 | | $318.80 | | $1,020.40 | |

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

**SENTOSA SERVICES**
951 Broadway, Woodmere, NY 11598

**WOODMERE REHABILITATION & HEALTHCARE CENTER**

| NAME | STATUS | # OF DEP | SOCIAL SECURITY | EMPL # | CHECK # | PAY DATE |
|---|---|---|---|---|---|---|
| RODRIGUEZ, EVITA JOY | M | 1 | | 3235108 | 103384 | 7/29/2015 |

| STATEMENT OF EARNINGS | | | | TAXES AND DEDUCTIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | Reg Hrs | OT Hrs | Gross Wages | DESCRIPTION | AMOUNT | YEAR TO DATE | DESCRIPTION | AMOUNT | YEAR TO DATE |
| Reg | 22.00 | 0.00 | $682.00 | NYDisabE | $0.60 | $10.20 | | | |
| ShiftDiff | 21.00 | 0.00 | $45.57 | NYIncTax | $29.51 | $612.56 | | | |
| | | | | FedIncTax | $55.05 | $1,203.49 | | | |
| | | | | EFica | $45.11 | $872.42 | | | |
| | | | | EMed | $10.55 | $204.03 | | | |
| | | | | EmedSup | $0.00 | $0.00 | | | |

| REG RATE | OT RATE | TOTAL PAY | YTD TOTAL PAY | PAY PERIOD | TOTAL DEDUCTIONS | NET PAY | |
|---|---|---|---|---|---|---|---|
| $31.00 | $46.50 | $727.57 | $14,071.22 | 7/25/2015 | $140.82 | NET PAY | $586.75 |

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼

**SENTOSA SERVICES**
951 Broadway, Woodmere, NY 11598

**WOODMERE REHABILITATION & HEALTHCARE CENTER**

| NAME | STATUS | # OF DEP | SOCIAL SECURITY | EMPL # | CHECK # | PAY DATE |
|---|---|---|---|---|---|---|
| RODRIGUEZ, EVITA JOY | M | 1 | | 3235108 | 103281 | 7/22/2015 |

| STATEMENT OF EARNINGS | | | | TAXES AND DEDUCTIONS | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DESCRIPTION | Reg Hrs | OT Hrs | Gross Wages | DESCRIPTION | AMOUNT | YEAR TO DATE | DESCRIPTION | AMOUNT | YEAR TO DATE |
| Reg | 28.80 | 0.00 | $892.80 | NYDisabE | $0.60 | $9.60 | | | |
| ShiftDiff | 28.00 | 0.00 | $60.76 | NYIncTax | $44.08 | $583.05 | | | |
| | | | | EmedSup | $0.00 | $0.00 | | | |
| | | | | FedIncTax | $88.95 | $1,148.44 | | | |
| | | | | EFica | $59.12 | $827.31 | | | |
| | | | | EMed | $13.82 | $193.45 | | | |

| REG RATE | OT RATE | TOTAL PAY | YTD TOTAL PAY | PAY PERIOD | TOTAL DEDUCTIONS | NET PAY | |
|---|---|---|---|---|---|---|---|
| $31.00 | $46.50 | $953.56 | $13,343.65 | 7/18/2015 | $206.57 | NET PAY | $746.99 |

▼ REMOVE DOCUMENT ALONG THIS PERFORATION ▼